(25 Misc. Rep. 1.)

### GEBHARD v. GEBHARD.

(Supreme Court, Special Term, Albany County.   October, 1898.)

1. ATTORNEY AND CLIENT—AUTHORITY TO ACCEPT SERVICE.
   A person who claims rights under a decree of divorce cannot be heard to say that her attorney of record therein was unauthorized, and therefore that service on him of a motion to vacate the decree for fraud was not binding, and the order of vacation consequently null.

2. DIVORCE—VACATING DECREE.
   A decree of divorce by being set aside becomes void ab initio.

3. SAME—FOREIGN ACTION—JURISDICTION.
   Where a husband sued for divorce in Connecticut, alleging that his wife resided in Canada, and substituted service was had by mailing the petition and order to her at Montreal, Canada, and also to Schoharie, N. Y., where she in fact lived, and where she was personally served with the petition, the Connecticut court acquired no jurisdiction of her, if she made no appearance.

4. SAME—WIFE'S DOMICILE.
   The wife's matrimonial domicile does not follow the husband for the purpose of conferring jurisdiction in divorce, where for his alleged infidelity she sued for a divorce, and thereafter lived apart from him, and where he, in a counter action in another state, sued her as a nonresident, having removed there for that purpose after the separation.

Action by Charlotte B. Gebhard against Edward Gebhard.   Heard on motion.   Denied.

Mayham & Holmes (S. L. Mayham, of counsel), for plaintiff.
Edward Gebhard (Hobart Krum, of counsel), for defendant.

CHESTER, J.   The plaintiff has brought this action for an absolute divorce.   She and the defendant have been living separate and apart for about 18 years.   The defendant insists that the plaintiff is not his wife, and in 1896 was married to another woman in New Jersey, and is now living with her in this state.   The plaintiff now makes this motion for alimony and counsel fees.

I am convinced, from my examination of the case, that the plaintiff has never been legally divorced from Nichols, to whom she was married in 1866, and who is still living.   In support of the motion she relies upon two decrees of divorce from him,—one obtained in New York in 1869, upon a suit brought by her against him; and the other in Connecticut, in a suit brought by him against her in 1870.   It appears that the New York decree was made on the 12th and entered

on the 13th day of July, 1869, in New York county.    Upon the next day the plaintiff and this defendant, Gebhard, went through a cere-mony of marriage between them at Schoharie, in this state.    On the 30th day of September following, Nichols obtained an order, in the action brought by the plaintiff against him in New York, setting aside and vacating the decree of divorce which she had procured there-in, on the ground of fraud and imposition upon the court.    The plaintiff insists that she had no notice of the application for that or-der, and that the person who appeared as her attorney of record in that action, upon whom notice was served, was never retained by her. Notice to the attorney of record has been held to be sufficient in applications of this kind.    Miller v. Miller, 37 How. Prac. 1.    And the court may properly assume that his appearance as her attorney was authorized where, as here, she is claiming rights under the very decree procured for her in his name as her attorney of record.    See Hamilton v. Wright, 37 N. Y. 502; Brown v. Nichols, 42 N. Y. 26; People v. Coleman, 41 Hun, 307.    Under such circumstances, she should not be heard to question his authority.    It appears, also, that the plaintiff had knowledge of the application to vacate the decree, as the order vacating it shows that she appeared by counsel on the mo-tion, and procured a postponement, and also raised the question that notice should have been served upon her personally, but, notwith-standing this, the order was granted and the decree vacated.    That order still stands.    The decree, having been set aside for fraud, was rendered void ab initio, and had no effect upon the marriage relations of the parties, and therefore a second marriage by the wife during the lifetime of the husband was void.    5 Am. & Eng. Enc. Law (1st Ed.) p. 846, and cases cited.

With respect to the Connecticut decree, it appears that it was obtained by Nichols upon a service of process upon his wife, who is the plaintiff here, outside of that state.    In his petition or bill of complaint Nichols alleges that she deserted him about May 23, 1868, and that she was at the time of the commencement of the action residing in Montreal, Canada.    It appears, however, that she was in fact at that time, and had been for several months prior thereto, living with this defendant, Gebhard, in a house which she had pur-chased at Schoharie, in this state, in August, 1869.    The record in the Connecticut case shows that the service was made upon the de-fendant (the plaintiff here), pursuant to an order for a substituted service, by mailing the petition and order addressed to her at Montre-al, in Canada, and also to her at Schoharie, in this state, and also that she was served personally with the petition at Schoharie.    This, under the decisions in this state, was not sufficient to give the Con-necticut court jurisdiction over the defendant in the suit there if she was at the time a resident of this state, she not appearing in such suit in person or by attorney.    People v. Baker, 76 N. Y. 78; O'Dea v. O'Dea, 101 N. Y. 23, 4 N. E. 110; Shepard v. Wright, 113 N. Y. 582, 21 N. E. 724; In re Kimball, 155 N. Y. 62, 49 N. E. 331; Atherton v. Atherton, 155 N. Y. 129, 49 N. E. 933.    And the question of such jurisdiction is always open to inquiry in the courts of this state. Hunt v. Hunt, 72 N. Y. 217.

It is here urged in her behalf that her domicile followed that of her husband, for the purposes of that action, and for that reason that she was a domiciled citizen of Connecticut at the time the suit was commenced.    It is sought to apply the doctrine of Hunt v. Hunt, 72 N. Y. 217, where it was held, in sustaining a Louisiana divorce, that the matrimonial domicile of the wife was that of the husband.    But in that, and other cases where this doctrine had been applied, it is recognized that there are exceptions to the rule.    One of the exceptions mentioned in the Hunt Case is "when the conduct of the husband has been such as to entitle the wife to an absolute or limited divorce."    Page 242.

In support of a former motion made by the plaintiff in this suit for alimony and counsel fee, which was denied, without prejudice to a renewal, she swears "that on or about the 8th day of May, 1866, she was married to him (Nichols), at the town of Newton, in the state of Connecticut, and that thereafter she lived and cohabited with him in the city of New York until about the year 1868, when she was informed of the infidelity of said Nichols to his marriage obligations, and was advised by her aunt (with whom she was living prior to her marriage, her father and mother being dead) to institute an action for divorce against him."    Soon after this she commenced, in New York, the action against Nichols for an absolute divorce, and procured the decree therein against him, which was thereafter vacated, as above mentioned.    When she was informed of the infidelity of Nichols, and thereupon began an action against him for an absolute divorce, because of such infidelity, I think the case is fairly brought within the exception above referred to.    More than this, Nichols in his petition for divorce in Connecticut, which is dated January 10, 1870, alleged that his wife was not a resident of that state, and thereupon procured an order for a substituted service of process upon her as a nonresident there.    In her earlier action against him in this state, she had sworn in her complaint, verified April 23, 1869, that she was a resident of New York.    She had in fact been living with Gebhard, as above stated, in her own house, in this state, for several months prior to the commencement of the Connecticut suit, and has ever since resided here.    In view of these facts, I do not think that the legal fiction, that her domicile followed that of Nichols, for the purpose of giving force here to the Connecticut decree, can well be applied.

On this motion the plaintiff has changed the statement, above quoted from her affidavit used on the former motion, that after her marriage with Nichols in Connecticut, in 1866, she lived with him in New York until 1868, and now says that after such marriage "she lived and cohabited with him in Connecticut, but at times temporarily boarded in the city of New York, retaining their home in Connecticut aforesaid."    The purpose of this change of statement is apparent. In determining the value of either statement as evidence, the fact cannot be overlooked that the first is widely different from the last, and has evidently been made as an afterthought, for the purpose of supporting the Connecticut decree in view of the new light thrown thereon by investigation of the law applicable thereto, since the former motion was made.    The defendant here, in his affidavit, corroborates

the statement of the plaintiff on her former motion concerning her residence and that of Nichols in New York. He says that "he knew the plaintiff and her husband (Nichols) in the fall of 1867; that they were then living at the St. Denis Hotel, in the city of New York, the said Nichols being engaged in business in said city, and having an office in Pine street, in said city; and they continued to so live at the said hotel until the spring of 1868, when the plaintiff went to Europe, and sojourned there about one year." If, as may be fairly held from all this proof, Nichols resided in New York at the time when, as he says, in May, 1868, she abandoned him, and if her domicile followed his, it would still fix her residence in New York state, in accordance with her statement as to residence upon the former motion. If she separated from him while they were residing in New York in 1868, because of her discovery of his alleged infidelity to her, and he thereafter removed to Connecticut for the purpose of procuring a divorce from her there, as seems to be a fair inference from the proof, I do not think her residence or domicile here was affected by such removal. I am constrained, therefore, to hold that the Connecticut decree cannot be upheld here.

The plaintiff, not being lawfully divorced from Nichols, and he being still living, is not the lawful wife of the defendant, and he cannot, therefore, be called upon to pay her alimony and counsel fees in this action.

If I am correct in the views here expressed, it is unnecessary to consider whether or not the decree of divorce obtained in 1892, by Gebhard, from this plaintiff in New Jersey, upon a service upon her of process in this state, is valid, or the effect of the ceremony of marriage performed between them in New Jersey in 1879. The motion is denied, but without costs.

Motion denied, without costs.