## OVER v. DEHNE.

[No. 5,382. Filed October 10, 1905. Rehearing denied February 16, 1906. Transfer denied June 26, 1906.]

1. APPEAL AND ERROR.—*Briefs.*—*Waiver.*—*Court's Duty to Find Errors.*—It is not the duty of the Appellate Court to hunt up errors not pointed out in the briefs; and such errors not pointed out are waived. p. 430.

2. PLEADING.—*Complaint.*—*Initial Attack on Appeal.*—A complaint attacked for the first time on appeal will be held sufficient if it states facts sufficient to bar another action for the same cause. p. 431.

3. APPEAL AND ERROR.—*Independent Assignments.*—*New Trial.* —*Causes for.*—Causes for a new trial cannot be assigned as error independently on appeal. p. 431.

4. NEW TRIAL.—*Reasons.*—*Statutes.*—Reasons for a new trial not prescribed by the code (§568 Burns 1901, §559 R. S. 1881) will not be considered. p. 431.

5. NUISANCE.—*Foundry.*—*Prescription.*—The operation of a foundry for more than twenty years at the same location does not give its owner a prescriptive right to continue its operation, where, prior to two years preceding the suit, it had not been dangerous to plaintiff's property, but since such time it had set his house on fire several times, destroyed the usefulness of his cistern and caused his house to be uncomfortable and in imminent danger all of the time. pp. 431, 438.

6. NEW TRIAL. — *Nuisance.* — *Setting Fires.* — *Evidence.* — Evidence that sparks frequently fell from defendant's foundry on plaintiff's house, that several fires broke out on plaintiff's roof, always when the foundry was running, and

that defendant frequently sprinkled plaintiff's roof before starting the foundry fire, sufficiently sustains a finding that the fires to plaintiff's house, complained of, started from such foundry.  p. 434.

7.  APPEAL AND ERROR.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting oral evidence, in an equity case. pp. 435, 437.

8.  TRIAL.—*General Finding.—Itemizing Damages.—Surplusage. —Appeal and Error.*—Where a special finding is not called for and a general finding is made, the court's items of damages sustained by plaintiff will be considered as surplusage; and the court will not consider whether such items are sustained by the evidence.  p. 435.

9.  EVIDENCE.—*Nuisance.—Fires.—Willingness of Plaintiff to have House Inspected.*—In a suit to enjoin defendant from operating a foundry which was throwing sparks on plaintiff's house, it was not competent to ask plaintiff whether he would be willing to have an expert examine his flues to see if fires could not originate there.  p. 436.

10.  SAME.—*Record of Fire Company.—Hearsay.*—The records of a fire company, kept under the regulations of the city fire department, and made by the captain of the company from a memorandum made by another person, the captain not being at the fire, are not competent to prove the origin of the fire so recorded, being inadmissible hearsay.  p. 436.

11.  SAME.—*Nuisance.—Setting Fires.—Subsequent Fires.*—Evidence of subsequent fires caused by sparks from defendant's foundry admitted as a circumstance tending to show that a similar, prior fire was caused thereby, even if erroneous, was harmless and not reversible error.  p. 437.

From Superior Court of Marion County (64,223); *Vinson Carter,* Judge.

Suit by Charles Dehne against Ewald Over.  From a decree for plaintiff, defendant appeals.  *Affirmed.*

*Austin F. Denny,* for appellant.

*Kealing & Hugg,* for appellee.

WILEY, C. J.—Appellee sued appellant to recover damages resulting from fire alleged to have been communicated to his dwelling from appellant's foundry, and to enjoin appellant from continuing to operate his foundry and

cupola so as to interfere with the comfortable enjoyment of his premises.

The complaint was in a single paragraph, to which an answer in six paragraphs was addressed. Reply in denial. Upon the issues thus joined, trial was had by the court, resulting in a general finding and judgment for appellee.

Appellant's motion for a new trial was overruled. By his assignment of errors he questions the sufficiency of the complaint, and attacks the action of the court in overruling his motion for a new trial.

In his complaint appellee alleges that for many years he has owned, and still owns, certain real estate, upon which is a dwelling-house, which he occupies as a residence; that appellant also owns certain real estate, upon which he has erected a foundry, which he owns and operates; that as a part of said foundry appellant constructed a brick cupola, about thirty feet north of appellee's house; that appellant uses said cupola almost every day from one and one-half to two hours, in which to melt iron; that he uses wood, coal and coke in the operation of the same; that chunks of burning wood fly from the cupola in all directions, and, except when the wind is from the south, the sparks and pieces of burning wood are carried upon appellee's premises, and frequently upon his dwelling; that his dwelling has caught fire therefrom four times within the past two years, and whenever said cupola is in operation his dwelling is in constant and imminent danger of being destroyed by fire; that pieces of burning wood and cinders from the cupola have fallen on the roof of his house in large quantities, have filled the down spouting more than twice in the past six months, and he has been compelled to clean out said spouting frequently; that he obtains rain water for use in his house by its being carried from ·the roof through the down spouting into a cistern, and by reason of said facts he is unable so to obtain rain water, and

is put to great inconvenience and damage on account thereof.

It is further alleged that when said cupola is in operation, and the doors and windows of his residence are open, the sparks and cinders therefrom are carried into his house and the house is filled with smoke coming from the cupola, which is offensive and injurious to the health of himself and family; that appellant could arrange and operate his cupola so that the sparks, smoke, ashes and chunks of burning wood would not be carried upon and into his dwelling, and constantly expose him and his family to danger, annoyance and injury, and his property to constant danger of destruction by fire; that by reason of these facts appellee's comfortable enjoyment of his home has been and is constantly interfered with, and the value of his real estate for a residence and for rental purposes has greatly depreciated; that his residence, when said cupola is in operation, is in constant and imminent danger of being damaged and destroyed by fire, and that he has been damaged by the fires caused by reason of the same, as aforesaid, etc.; that appellant is threatening to, and will, continue to operate the same in the same manner; that appellee has been damaged by reason of the facts aforesaid in the sum of $500, and the continuance of the same will do him irreparable damage. Prayer for damages and injunction.

The complaint is attacked for the first time in this court. Counsel for appellant in his brief says: "The appellant has no supreme confidence that his first assignment of 1. error, referred to in the caption, is well taken. But sometimes a court of appeals sees points and decides cases upon points not seen nor mentioned by the parties." No tenable objections to the complaint are pointed out.

The rule is a familiar one, that where a complaint is tested for the first time on appeal by an assignment of

error, it will be held sufficient if it states facts suf-
2.  ficient to bar another action. *Xenia Real Estate
    Co.* v. *Macy* (1897), 147 Ind. 568; *Bertha* v.
*Sparks* (1898), 19 Ind. App. 431; *Cummings* v. *Girton*
(1898), 19 Ind. App. 248. The complaint in this case
comes within this rule, and hence must be held sufficient.

It has been stated in this opinion that but two questions
are presented by the assignment of error. It is due coun-
sel for appellant, however, to say that an applica-
3.  tion was made and granted for leave to file an
    amended or additional assignment of errors, and in
pursuance thereto sixteen additional specifications of error
were filed. While some of these, and possibly all, might be
proper reasons for a new trial, under our practice, they
are not recognized as proper assignments of error.

In his motion for a new trial appellant assigned twenty-
eight reasons therefor. Reasons 2, 3, 4, 5, 6, 8, 9, 14,
15, 16, 17, 18 and 19 so assigned are not known
4.  to the code (§568 Burns 1901, §559 R. S. 1881),
    and do not present any question for decision.

The first and seventh reasons may be considered together,
as they present the statutory reasons for a new trial, that
the decision of the court is not sustained by suffi-
5.  cient evidence and is contrary to law, and both
    depend for their determination upon the evidence.
The tenth, eleventh, twelfth and thirteenth reasons present
the question of excessive damages, and may be considered
together. The remaining reasons predicate error of the
trial court in admitting and rejecting, and refusing to
strike out, certain evidence. These will be considered in
the order of their discussion in the briefs.

The evidence shows without conflict that appellant had
owned and operated his foundry for twenty years, and that
appellee had owned and occupied his property adjacent
thereto for more than twenty years. While so owning and
operating said foundry, the evidence also shows that for

more than twenty years prior to February, 1901, no fire had occurred to the damage of appellee's property. The fires that damaged appellee's property occurred since 1901, and within two years from the commencement of this suit. There is no positive or direct evidence that the fires were occasioned by sparks or burning chunks of wood falling upon appellee's house from the cupola, for no witness testified to that fact. Upon the evidence it is contended by appellant that the decision is not supported by sufficient evidence and is contrary to law, for two reasons: (a) Because the evidence shows that appellant had acquired a prescriptive right so to operate his foundry, and (b) because the evidence fails to show that the damage to appellee's property was caused by fire communicated to it from the cupola.

The complaint proceeds and the trial was had upon the theory that the cupola and the manner of operating it constituted a private nuisance; for it is alleged in the complaint that the defendant can arrange and operate his said cupola so that said sparks, smoke, ashes and chunks of burning wood will not be carried upon, into and through plaintiff's house, constantly exposing him and his family to danger and injury, and his property to constant danger of destruction. The theory, as above stated, is manifest as shown by the evidence and the rulings of the trial court. For more than twenty years prior to 1901 no complaint was made of the manner in which the cupola was operated. The evidence clearly establishes the fact that since that time the manner in which the cupola was operated constituted a private nuisance, and greatly interfered with appellee's occupancy and enjoyment of his property. The injury thus caused was a continuing one, and the nuisance was also a continuing one.

Appellee sought to recover damages caused by three several fires, all of which occurred since 1901, and for a

decrease in the rental value of his property. We doubt if a prescriptive right can be acquired to burn and destroy the property of another. When a nuisance actually exists, it is not excused by the fact that it arises from a business or erection which is of itself lawful, or that is necessary to the operation of the business. 21 Am. and Eng. Ency. Law (2d ed.), 689; *Chicago, etc., R. Co.* v. *First Methodist Episcopal Church* (1900), 102 Fed. 85, 42 C. C. A. 178, 50 L. R. A. 488; *Shively* v. *Cedar Rapids, etc., R. Co.* (1887), 74 Iowa 169, 37 N. W. 133, 7 Am. St. 471; *Thompson* v. *Pennsylvania R. Co.* (1889), 45 N. J. Eq. 870, 14 Atl. 897; *Columbus, etc., Iron Co.* v. *Tucker* (1891), 48 Ohio St. 41, 26 N. E. 630, 12 L. R. A. 577, 29 Am. St. 528.

In *Owen* v. *Phillips* (1881), 73 Ind. 284, 296, it is held that wherever a mill or factory is located, whatever its surroundings, property owners of the vicinity have a right to require that it shall be properly managed, conducted with ordinary care and proper regard for the rights of others, and in such a way that no unnecessary inconvenience or annoyance shall be caused by it. The rule there disclosed is applicable to the facts here, for that is what appellee asks, and what the trial court held he had a right to demand.

It is not alleged that appellant's business is an unlawful one, but that in the operation of a part of it—the cupola—great injury is done to appellee's property, and appellee and his family are put in jeopardy, and to inconvenience and annoyance. It is further contended that these could all be averted by a proper operation of the cupola.

In *Peck* v. *City of Michigan City* (1898), 149 Ind. 670, the Supreme Court quoted with approval the following from 16 Am. and Eng. Ency. Law, 988: "Where the injury inflicted by a nuisance is not of such a character that it can be ascertained, both as to the past and future by a single action, successive actions lie for new damages so long

as the nuisance is continued," and then say: "Many authorities are cited in support of this proposition, and little doubt can exist concerning its accuracy."

In the case of the *City of North Vernon* v. *Voegler* (1885), 103 Ind. 314, it was held that a cause of action for damages does not accrue until the wrong or injury has resulted in damage. See, also, *Sherlock* v. *Louisville, etc., R. Co.* (1888), 115 Ind. 22; 21 Am. and Eng. Ency. Law (2d ed.), 724.

In 2 Wood, Nuisance (3d ed.), §708, it is said that in order to sustain a plea of a prescriptive right to the nuisance when the same consists of the right to do some act upon another's premises, the rule is: "That to constitute an adverse user requisite to sustain the right, it must be shown that the user has actually invaded the rights of the person against whom the claim is made, in reference to the particular matter which is the subject of complaint, and that the user, during the entire statutory period, and the invasion of the right, has produced an injury equal to, and of the character complained of, and of such a character and to such an extent that at any time during that period an action might have been maintained therefor." See, also, *Sherlock* v. *Louisville, etc., R. Co., supra;* 21 Am. and Eng. Ency. Law (2d ed.), 735.

Our conclusion is that the evidence is sufficient to sustain the finding of the trial court as against appellant's contention that he has acquired a prescriptive right to operate his cupola in the manner complained of.

The proposition that the evidence is not sufficient to sustain the finding, upon the ground that there was not any direct or positive evidence that appellee's property 6. caught fire from sparks, etc., emitted from appellant's cupola, is not well grounded. It is disclosed by the record that when the wind was from the north or northwest appellant's employes, either of their own volition or at the request of appellee's daughter, sprinkled the roof

of appellee's house before each blast was run. It is thus shown that danger was imminent and anticipated by appellant. It is further disclosed by the evidence that the fires which damaged appellee's property always occurred while the cupola was in operation. There is some evidence, as to one of the fires, that it could not have occurred from any other source. The evidence also shows that sparks were seen to fall on appellee's house while the cupola was in operation. Under such facts, we are inclined to the view that, as the trial court could indulge all reasonable inferences, its finding was fully justified, and hence we cannot disturb it.

It is also contended that the evidence is not sufficient to sustain the finding as to the amount of damages assessed. With this contention we cannot agree, for upon that point the evidence is ample.

As this is an equity case, we are urged to weigh and consider the evidence under section eight of the act of 1903 (Acts 1903, p. 338, §641h Burns 1905). Under 7. the recent holdings of this and the Supreme Court, we must decline to weigh conflicting oral evidence. *Parkison* v. *Thompson* (1905), 164 Ind. 609; *United States, etc., Paper Co.* v. *Moore* (1905), 35 Ind. App. 684.

As above indicated, the court made a general finding, in favor of appellee, fixing his damages at $247. The court after announcing its finding for said amount, item- 8. ized the damages as follows: $50 for the first fire; $125 for the second fire; and $72 for the depreciation of the rental value of appellee's property. The court was not required to itemize the amount of damages, and in no sense can this itemized statement, as it appears in the record, be considered as a special finding, and it will therefore be treated as a general finding. The several items of damages, as designated by the court, will be considered as mere surplusage. The statement of facts in a general

finding does not transform it into a special finding. *Lawson* v. *Hilgenberg* (1881), 77 Ind. 221.

It is contended by the appellant that the evidence is insufficient to support the special findings as to the amount of damages. Under the rule just stated, it is unnecessary to consider this question further, for two reasons: (1) Because the finding is general, and the amount fixed in the general finding is of controlling influence; (2) because, as stated, the evidence is sufficient to support the finding.

In the course of the examination of appellee, he was asked two questions, to which objections were made and sustained. The first was as to whether he would be willing for the appellant, in connection with an expert building mechanic, to go into his house, and examine and ascertain the condition of the flues, to determine whether there was undue liability to fire from the method of construction of the house. Second, whether he was willing that an impartial person, an expert in building, should be designated by the court to make said examination, etc. There was no error in sustaining objections to these questions. It was not a question whether appellee was willing that such an inspection be made. No application, so far as the record discloses, was made to the court asking that such an examination be made. As to the authority of the court to order such an examination, it is unnecessary for us to decide, for no such question is presented.

The appellant offered to introduce in evidence the record of July 10, 1902, of the No. 2 chemical company of the fire department of the city of Indianapolis, which is a record that is kept under the regulations of that department. This report was made by the captain of the chemical company from memoranda put on the slate by another person. The captain himself was not at the fire. In stating the purpose for which the record was offered in evidence, counsel stated that he expected to prove by it that the cause of the fire was a defective flue, and that

the loss was $25. This proposed evidence was nothing more than hearsay, and was not admissible for any purpose.

It is next contended by counsel for appellant that the court erred in overruling his motion to strike out certain testimony given by the daughter of the appellee, relating to fires that occurred subsequently to the commencement of this suit. The testimony of this witness tends strongly to establish the fact that the subsequent fires, to which she referred, were caused by sparks from appellant's cupola. The court admitted this testimony, as disclosed by the record, "as affecting the cause of the fire, so far as it bears on previous fires." It clearly appears that the appellee did not ask, and the court did not allow, for any damages occurring subsequently to those for which he sues in this action. It is our opinion that if that evidence was incompetent, it was harmless, as it did not in any way affect the rights of the appellant. This being true, its admission would not be the cause for reversal, and no error was committed in overruling the motion to strike out.

The remaining questions raised by the motion for a new trial are expressly waived.

We do not find any error and the judgment is affirmed.

## ON PETITION FOR REHEARING.

Roby, C. J.—The petition for rehearing is supported by an earnest argument, in the course of which attention is called to statements of fact contained in the opinion thought to be imperfect. It is true that the evidence shows the foundry to have been operated since 1872, but the statement that it had been owned and operated "for more than twenty years" gives the appellant the full benefit of that fact. Other corrections suggested are regarded as immaterial. Those of a clerical nature will of course be made. The contention that circumstances were shown consistent with appellant's claim that the fires complained of originated otherwise than as charged by appellee

is conceded, but there was conflicting evidence upon the subject, and the conclusion reached by the trial court cannot therefore be disturbed.

The fact that appellant had operated his foundry more than twenty years may have a bearing upon his right to continue to operate the foundry in a usual and proper manner, but it does not in anywise affect his liability on account of a negligent or improper manner of operation by which surrounding property is imperiled and a nuisance created.

5.

It is alleged in the complaint "that the defendant can arrange and operate his said cupola so that said sparks, smoke, ashes and chunks of burning wood will not be carried upon, into and through his house as aforesaid." The averment is not its own proof, but there is evidence tending to show that the cupola was operated in a manner calculated to injure adjoining property. The particular precautions which ought to have been taken are not pointed out perhaps, but the inference that a more careful method of operation would have prevented the matters of which complaint is made was not unreasonable. The record was prepared prior to the consideration by the courts of that section of the act of 1903 (Acts 1903, p. 338, §8, §641h Burns 1905) requiring the appellate tribunal to weigh the evidence in certain classes of cases, and the assignments of error were properly drawn to cover and present every phase of the case. That they were ineffective for the purpose intended was no fault of the counsel. The case made tends to establish an improper use of his property by the appellant, resulting and likely to result in injury to the property of others, and the petition is therefore overruled.