Filed Oct. 24, 1888.

---

No. 13,999.

BROWN ET AL. *v.* GROVE.

DIVORCE.—*Fraud in Procuring Decree.—Annulment.*—Where a husband procures a petition for divorce to be filed in the name of his wife, without her knowledge, and he files an answer and a divorce is granted, the wife may, upon discovering the fraud after his death, and more than twenty years after the decree was granted, have the same annulled by a proper proceeding for that purpose.

SAME.—*Notice of Decree.*—The wife was not bound to know of the existence of the decree merely because it was of record.

SAME.— *Witness.—Proceeding to Which Heirs are Parties.*—In the proceeding against the heirs of the deceased husband to annul the decree, the wife is a competent witness as to what she did or did not do concerning the petition in the divorce suit.

NEW TRIAL.—*Newly Discovered Evidence.—Impeaching Evidence.*—A new trial will not be granted to admit the introduction of impeaching evidence.

From the Marion Circuit Court.

*L. Howland* and *L. O. Bailey,* for appellants.

*H. Dailey* and *F. McCray,* for appellee.

ELLIOTT, J.—It is alleged in the complaint of the appellee that she was married to Henry W. Grove in 1851; that in March, 1863, a decree of divorce was obtained by fraud; that the petition for divorce was filed in her name without her knowledge or consent; that she did not authorize the solicitor whose name is signed to the petition, purporting to have been filed by her, to file any petition; that the petition was filed and procured without her knowledge by Henry W. Grove, and that on the day it was filed he appeared in person and filed an answer.

It is further alleged that at the time the petition was filed she was ill and almost blind; that soon after the decree was entered she became, and has since been, totally blind, and for a great part of the time has been an inmate of the county poor-house.

It is also averred that she had no notice or knowledge of the proceedings until long after the death of Henry W. Grove, and that he died on the 7th day of December, 1883.

The complaint is good. A husband who procures a petition to be filed in the name of his wife against himself without her knowledge, and answers the complaint filed by his own procurement, perpetrates a fraud upon her and upon the court. Such conduct courts abhor. It would be a mockery to uphold a decree obtained by such a fraud. Courts have inherent power to annul decrees obtained by means such as those re-

sorted to by Henry W. Grove. *Nealis* v. *Dicks,* 72 Ind. 374 ; *Cavanaugh* v. *Smith,* 84 Ind. 380 ; *Earle* v. *Earle,* 91 Ind. 27.

The appellee was neither plaintiff nor defendant. Henry W. Grove was the sole party to the suit. In truth, there was no suit, for there was no plaintiff. It is an ancient maxim that " fraud vitiates every thing," and it is impossible to conceive of a case to which that maxim more strongly and justly applies than the one before us. The proceeding is utterly destitute of force. The infirmity is remediless. The defect is incurable.

The contention of counsel that the appellee was bound to know of the existence of the decree because it was of record, is not only without strength, but is without plausibility. It would be strange, indeed, if a woman was bound to examine the records to ascertain whether she had herself ever instituted a suit for divorce.

The appellee was a competent witness. ·She had a right to testify as to what she herself did or did not do concerning the petition in the divorce suit. What she did or did not do was a matter neither within the spirit nor the letter of the law prohibiting parties from testifying where heirs are interested. It may be true that as to some other matters she was not competent, but the only objection presented was as to her competency to testify at all, and that objection was properly overruled.

The only question we are required to decide, and the only question we do decide, is, that upon some of the matters involved the appellee had a right to testify, and that, as she was as to those matters a competent witness, it would have been error to have ruled her totally incompetent.

The only argument made by appellants' counsel upon this point is this : " The heirs are parties. Her claim affects the estate, and, under the statutes of this State, the husband being dead, the plaintiff was incompetent to testify as to matters prior to her husband's death." No authorities are cited, nor other reasons adduced, and what we have said disposes

of the question as it is presented to us. This suit, it must be remembered, is one to annul a decree of divorce, and as to many matters the appellee was a competent witness, and the only question presented is whether she was competent to testify at all.

There was no error in excluding the note and mortgage executed to Mr. Goodwin. There was no evidence that they were executed by her, and without such evidence they were not admissible, since to make them competent for any purpose it was indispensably necessary to prove that they were executed by her.

The appellants assert that they were entitled to a new trial, upon the ground of newly discovered evidence, and thus present that point: "This reason was highly material and important to the appellants. It clearly establishes the identity of plaintiff with the Emily J. Grove who borrowed the money from Goodwin the same year her divorce was granted, representing herself as a divorced and single woman." This can not justly be regarded as such a presentation of the question as the rules of practice require, since it does not enable us to determine the specific grounds upon which the ruling of the trial court is assailed. We have, however, given the question attention, and we are clear that the utmost force that can be allotted the newly discovered evidence, if, indeed, even so much can be given it, is that it tends to impeach the the appellee. Over and over again it has been decided that a new trial will not be granted to admit the introduction of impeaching evidence.

Counsel state some other questions upon the rulings in admitting and excluding evidence which they say the record presents, but they do not argue them, and they are, therefore, deemed waived.

The evidence fully sustains the finding of the trial court.

We think it proper to say that the issue tried and determined was whether the appellee had a right to have the decree of divorce annulled, and that is the only issue upon

which our judgment or that of the trial court is absolutely and directly conclusive. Whether property rights acquired upon the faith of the validity of the decree are affected, we have not inquired, and, of course, have not decided. All that we do decide is, that Mrs. Grove had a right to relief against the decree procured by fraud. When she claims, should she ever do so, property rights, then other questions may arise, but now we decide only that she had a right to be relieved from the fraudulent decree.

Judgment affirmed.

Filed Oct. 23, 1888.