JANE ROBERTS *vs.* EDWARD ROBERTS.

A wife's petition for divorce was heard and granted February 13, 1895. The husband who had been served with process in the divorce proceedings September 7, 1894, failed to appear and object to the granting of the divorce. The wife died July 16, 1895, leaving personal estate. August 1, 1895, the husband filled a petition in the cause to set aside the docket entry granting the divorce, and to reinstate the case on the docket on the ground of the falsity of the charges contained in the divorce petition and of the testimony in support of them.

*Held,* that the husband's petition was in effect a petition for a new trial of the divorce petition, and stated no ground for granting a new trial, even if it had been filed in the wife's lifetime, no excuse being shown for the respondent's failure to contest the petition for divorce, or at least to notify the court of the falsity of the charges in it during its pendency.

DIVORCE.

*January* 25, 1896.   MATTESON, C. J.   On August 22, 1894, Jane Roberts filed in this court her petition for divorce against Edward Roberts.   Citation on this petition, returnable at the October Session, 1894, was duly issued and served on the respondent September 7, 1894.   No appearance was entered by the respondent or in his behalf, and on February 13, 1895, the petition was heard by the court and granted. The petitioner, Mrs. Roberts, died July 16, 1895, leaving personal estate to the amount of about $7,000.   On August 1, 1895, the respondent filed his petition in the cause to set aside the docket entry granting the divorce, and to reinstate the case on the docket.   He rests his petition on the ground that the allegations of the petition for divorce and the evidence in support thereof were false, as the petitioner and her witnesses well knew, and seeks to excuse his failure to contest the petition because of his inability by reason of confinement to the house by a serious illness, to wit, consumption. But if the charges in the petition were false, he must have known of their falsity before the petition was heard, and could either have employed counsel to appear for him to suggest their falsity, or at least could have notified the court himself that they were false.   The petition is, in effect, a petition for a new trial of the divorce petition, because of the falsity

of the charges contained in it, and of the testimony in support of them, and because the petitioner knew of the falsity of the charges and of the testimony, and therefore practiced a fraud on the court such that the court ought to set aside its decree. We should have regarded the petition with more favor if the respondent's solicitude for the court and the interests of the public had prompted him to move in the matter before the death of Mrs. Roberts. We cannot resist the feeling that the respondent is more solicitous to obtain the $7,000 left by the deceased than to protect the court from imposition and uphold the interests of justice. The language of the court in *Zoellner* v. *Zoellner*, 46 Mich. 511, in denying a motion similar in its effect to the present petition is so applicable that we quote it: "Waiving all objections based on the manner in which the relief sought is applied for, and viewing the case as it stands explained by the petitioner, the court is of the opinion that the decision of the court below should not be disturbed. Nothing is now involved except property. The sole motive of the petitioner in assailing the judicial proceeding which purported to sever her connection with the deceased complainant is to get through a kind of *post mortem* adjudication, a share of the property he left. We think she was not disposed to attack the proceedings during his life time, and when, if successful, the result would have been a revival of the state of marriage. But that she designedly abstained from moving until, in consequence of his death, the property interest might be pursued without the risk of any restoration of the conjugal connection."

But even if the petition had been filed during the life time of Mrs. Roberts, no sufficient ground is stated for granting a new trial. In *Folsom* v. *Folsom*, 55 N. H. 78, it was held that a re-trial of a libel for divorce would not be granted on the ground that the decree was obtained by fraud and perjury of the libellant and his witnesses, no fraud being shown except by implication from the charge of perjury. And in *Dexter* v. *Handy*, 13 R. I. 474, the defendant in an action of slander petitioned for a new trial on the ground that the plaintiff's witnesses, after the trial admitted their testimony

to have been untrue, and presented affidavits of persons claiming to have heard the admissions.   No affidavits of the witnesses themselves admitting their testimony to be untrue were presented, and no steps had been taken by the petitioner to prosecute them for perjury.   It was held in this state of facts that the petition should not be granted.   And see *Brown* v. *Grove*, 116 Ind. 84, 87, to the effect that a new trial will not be granted to admit the introduction of impeaching evidence.

Petition is denied and dismissed.

*George J. West*, for Edward Roberts.

*Claude J. Farnsworth*, contra.