VINCENNES BRIDGE COMPANY *v*. VARDAMAN.

[No. 13,950.   Filed May 1, 1930.]

*Seymour Riddle*, for appellant.
*C. J. Kollmeyer* and *W. K. Dobbins*, for appellee.

McMAHAN, J.—Wilbert A. Vardaman, while employed by the Vincennes Bridge Company, appellant herein, sustained injuries which arose out of and in the

course of his employment and which resulted in his death. Appellee, claiming that she was the wife and sole dependent of the deceased, filed her application with the Industrial Board for an award under the Workmen's Compensation Act (Acts 1915 p. 392, as amended by Acts 1919 p. 158, §9483 Burns 1926). From an award for plaintiff, defendant appealed.

Appellant contends the award is contrary to law, and insists that appellee was not the wife of the deceased, was not a dependent of the deceased, and was not entitled to an award.

The evidence discloses that appellee and the deceased, in 1926, agreed to take each other as husband and wife; that they reported to their friends that they were married; that thereafter they cohabited together as husband and wife, and were so treated and reputed to be such in the community in which they lived and among those with whom they came in contact. The evidence without dispute discloses that the above state of affairs existed for more than two years and continued until Vardaman's death.

Common-law marriages are in derogation of our statutes, but they are recognized as valid and binding when made between parties of contracting capacity by their mutual assent, either express or implied, and followed by cohabitation as husband and wife and such other circumstances as are essential to establish such a marriage. *Meehan* v. *Edward Valve, etc., Co.* (1917), 65 Ind. App. 342, 117 N. E. 265. Such contracting parties are husband and wife as fully and to the same effect and extent as if there had been a statutory and ceremonial marriage. *Holmes* v. *Pere Marquette R. Co.* (1927), 28 Ohio App. 297, 162 N. E. 675.

The evidence is sufficient to show a common-law marriage. The award is therefore affirmed.