BAGLAN ET AL. *v.* BAGLAN ET AL.

[No. 15,741. Filed October 13, 1936.]

*Bess Robbins*, for appellants.

*Russell J. Dean* and *E. J. Balemay*, for appellees.

BRIDWELL, J.—On the 26th day of October, 1935, one Louis P. Baglan was employed by appellee Purity Cone & Pretzel Company, and on that day he received personal injuries by reason of an accident arising out of and in the course of his employment from which he died on November 3, 1935. After his death his parents, the appellants, Philip L. and Rose M. Baglan, filed with the Industrial Board their application for adjustment of their claim for compensation, alleging therein, among other things, that they were wholly dependent upon him

for support. Appellee Mary Baglan also filed her application for adjustment of her claim for compensation, alleging, among other necessary allegations, that she is the widow of the said deceased employee. To this application of Mary Baglan appellants filed a special answer in three paragraphs as follows: (1) A general denial; (2) in substance that a marriage ceremony was performed between appellee Mary Baglan and the deceased employee at the hospital while said deceased employee was under the influence of narcotic drugs, and further, that the ceremony was performed because of a false representation made by said Mary Baglan to the mother of deceased that she was pregnant, said representation being made to secure the consent of said mother to the performance of said marriage ceremony; (3) alleging that the said Louis P. Baglan (the deceased employee) "was of unsound mind at the time of the alleged marriage ceremony, and thereafter, and was incapable of consenting thereto." This special answer was stricken out on motion of appellee Mary Baglan; the two applications were consolidated for hearing, and were heard at the same time by one member of the board.

The evidence introduced at this hearing establishes certain facts which are undisputed, and which may be summarized as follows: The deceased employee at the time of the accident was 22 years of age, unmarried, and was living with his parents, who were wholly dependent upon him for support. Immediately following the accident he was taken to the hospital, and remained there until his death, which occurred nine days later. On the day following the accident applications for the issuance of a marriage license to said employee and Mary Elizabeth Leonard (appellee Mary Baglan) were filed with the clerk of the Marion Circuit Court; a marriage license was issued, and a marriage ceremony was solemnized between them, the priest who performed the

ceremony making due return thereof to said clerk, who filed same as a part of the records in his office. All facts essential to prove liability against the employer for the payment of compensation were stipulated.

Appellants offered evidence at least tending to prove that at the time of the performance of the marriage ceremony the deceased employee was, and since the accident had been under the influence of narcotics; that he became unconscious while the ceremony was being performed, and was of unsound mind at the time; that the deceased did not sign the application for a marriage license introduced in evidence by said appellee Mary Baglan; that the parties to the ceremony had never lived or cohabited together as husband and wife, either before or after said purported marriage, and said employee had never contributed to the support of Mary Baglan; that the deceased was suffering from third degree burns over the major portion of his body, causing intense pain, and was of unsound mind from the time of the accident until his death; that in the morning of the day the ceremony was performed said deceased was given "caffeine for a circulatory collapse"; that he was in such condition from the amount of morphine administered to him as to not possess sufficient mental capacity to have understood the nature and effect of a marriage contract.

The hearing member refused to hear any evidence as to the physical or mental condition of the deceased at the time of the ceremony, and excluded all offered evidence bearing upon such questions. He awarded compensation to appellee Mary Baglan, and denied it to appellants, ordering that they pay the costs.

Appellants duly filed their application for review, and in addition thereto, filed verified motion for permission to introduce additional evidence before the full board, setting forth in said motion the names of the witnesses and a synopsis of the evidence which each witness would

give if permitted to testify. The evidence which appellants thus sought to have the full board hear was the evidence which was rejected by the board member at the original hearing, together with other evidence of like import, and which, had it been received, would have related to the physical and mental condition of the deceased during the time he was in the hospital and as to his mental capacity to enter into a marriage contract. This motion was denied, and the full board, upon hearing the application for review, made a finding of facts showing liability of appellee Purity Cone and Pretzel Company for the payment of compensation; as to the amount of the average weekly wage; and for appellee Mary Baglan "that she was the widow of Louis P. Baglan and within the meaning of the Workmen's Compensation Law of the State of Indiana, wholly dependent upon the said Louis P. Baglan for support." The award was in accordance with the finding, and to the effect that appellants take nothing and pay the costs of the proceeding; that the employer pay the statutory burial expense, the reasonable and necessary medical, surgical, hospital, and nurses' services for the first thirty days following the accidental injury; and that appellee Mary Baglan be awarded compensation at the rate of $8.80 per week beginning November 4, 1935, during the period of her dependency, but not exceeding three hundred weeks as to time. This appeal followed, the error assigned being that the award is contrary to law.

It is apparent from the record that both the hearing member and the full board acted in this case upon the theory and under the belief that when it was shown by the evidence that a marriage license authorizing the joining in wedlock of said Louis P. Baglan and Mary Elizabeth Leonard (appellee Mary Baglan) was issued, that a marriage ceremony was performed by a person authorized by our statute to perform

such ceremony, and a certificate returned and duly filed in the clerk's office of the county wherein such license was issued, evidencing the solemnization of such a marriage, that the board was, as a matter of law, precluded from hearing any evidence tending to prove that as *a matter of fact* there was no such marriage. We cannot concur with this view. Our statute relative to the subject (sec. 44-303, Burns 1933, §5634, Baldwin's 1934) provides only that the record of marriages required to be kept ". . . shall be presumptive evidence of the facts therein stated." Another section of our statutory law (sec. 44-104, Burns 1933, §5619, Baldwin's 1934) declares void ". . . any marriage when either party is insane at the time of such marriage." The third paragraph of the special answer of appellants alleged that at the time of the marriage the deceased was of unsound mind, which is tantamount to an allegation that he was insane, and if, in truth and fact, he was of unsound mind when the ceremony was performed, there was no marriage, and appellee Mary Baglan did not become his widow because of said ceremony. See *Wiley* v. *Wiley* (1921), 75 Ind. App. 456, 123 N. E. 252; *Langdon* v. *Langdon* (1933), 204 Ind. 321, 183 N. E. 400.

One of the primary duties imposed upon the Industrial Board is to determine as to who the dependents are when death of an employee results by reason of an accident arising out of and in the course of the employment, and there is an application for compensation. If the employee be married at the time of his death, whether the marriage was a ceremonial one or a common law marriage is a fact which the board ascertains. Any facts bearing upon the question of the *existence* of a marriage are relevant and material when that question is in controversy.

Although the Industrial Board is not empowered to enter orders which purport to annul marriages, it is

authorized, and must of necessity, in the discharge of its duties, determine if a marriage existed where that question is at issue. In reaching its decision in this respect it is not precluded from hearing the evidence to prove that an ostensible marriage is in fact void and no marriage at all.

We are of the opinion that it constituted reversible error, and was an abuse of discretion on the part of the Industrial Board when it denied appellants' petition to introduce before the full board the evidence offered before and rejected by the hearing member, together with additional evidence tending to prove that there was in fact no marriage because of the lack of mental capacity on the part of one of the parties to such ostensible marriage to enter into such a contract. The motion to strike out the special answer should have been overruled, and the proffered evidence heard.

Award reversed, with instructions that same be vacated, and for further proceedings consistent with this opinion.

Dudine, J., not participating.