BAGLAN ET AL. *v.* BAGLAN ET AL.

[No. 15,965.  Filed October 13, 1937.]

*Bess Robbins,* for appellants.

*R. J. Dean, E. J. Boleman* and *Means & Buenting,* for appellees.

BRIDWELL, C. J.—This is a second appeal in this cause, a prior award of the Industrial Board in favor of the appellee, Mary Baglan, having been reversed with instructions to vacate said award, and for further proceedings consistent with the opinion rendered. See *Baglan et al.* v. *Baglan et al.* (1936), 102 Ind. App. 576, 4 N. E. (2d) 53.

Two applications for compensation have been filed with the board, one by appellants, the parents of the deceased employee, the other by appellee Mary Baglan, the widow. These applications were consolidated for hearing.

In compliance with the mandate of this court on the first appeal, the Industrial Board reinstated the special answer of appellants which had been stricken out on motion of appellee, Mary Baglan; held another hearing on the applications for compensation then pending; heard all offered evidence in support of the special answer, and additional evidence bearing upon the question of the right of the different applicants to an award in their favor.

Appellees Wilfred H. Kallio and Vera Kallio, doing business under the name of Purity Cone & Pretzel Company, were the employers of one Louis P. Baglan who died from injuries received as the result of an accident arising out of and in the course of his employment. All the essential facts necessary to prove liability against said employers for the payment of compensation were stipulated. There was left, however, for determination by the board the controverted question as to whom the compensation payable should be awarded. From the finding of facts made by the board we quote as follows:

"It is further found by the Industrial Board that Mary Baglan was the lawful wife of Louis P. Baglan. It is further found, conclusively, that a common law marriage existed between Louis P. Bag-

lan and Mary Baglan for a period of at least three weeks prior to the date of the accidental injury sustained by said Louis P. Baglan, that said Louis P. Baglan and Mary Baglan lived together, cohabited and held themselves out to be husband and wife; that subsequent to the accidental injury the said Louis P. Baglan and Mary Baglan were legally married by one authorized to perform such marriage ceremony.

"It is further found that plaintiffs, Rose and Philip Baglan were not dependent upon Louis P. Baglan for support at the time of his death."

The award was in accordance with the finding, and this appeal was thereafter perfected, the appellants assigning as error that the award is contrary to law. The sufficiency of the evidence to sustain the finding is questioned, and the sufficiency of the facts found to form a proper basis for the award made is also challenged. Appellants contend that the board failed to find that appellee Mary Baglan was living with the deceased employee as his wife at the time of his death, or that the laws of this state imposed upon him the duty of supporting her at such time; that because thereof, the finding was not sufficiently specific to support the award made. After examining the entire record, and reading the evidence from the transcript we reach the conclusion that neither contention should be sustained. The finding is specific that "a common law marriage existed between Louis P. Baglan and Mary Baglan for a period of at least three weeks prior to the date of the accidental injury sustained by said Louis P. Baglan"; that they lived and cohabited together "and held themselves out to be husband and wife." There is sufficient evidence to sustain this finding, including evidence to prove that the deceased furnished Mary Baglan with certain clothing; that he presented her with a wedding ring; that they were introduced to relatives and other persons as a recently married couple; that

they received wedding presents; that they lived together in the home of the parents of the deceased (appellants) until the date of the accident which resulted in the death of Louis P. Baglan; that she (Mary Baglan) continued to reside in such home until the funeral of the deceased; that after the accident she spent the greater part of her time at the hospital where he was confined and continued to do so until his death. There is also evidence that a ceremonial marriage between the parties was performed at the hospital shortly prior to the death of the said Louis P. Baglan.

It is settled that compensation may be properly awarded to a surviving widow of a common-law marriage. *Vincennes Bridge Company* v. *Vardaman* (1930), 91 Ind. App. 363, 171 N. E. 241; *Dunlop* v. *Dunlop* (1935), 101 Ind. App. 43, 198 N. E. 95.

Since the board has found the existence of a common-law marriage at the time of the accident, and there is sufficient evidence to sustain such finding, the contention of appellants that the marriage ceremony subsequently performed at the hospital was void, and conferred no right to an award of compensation in favor of the appellee, Mary Baglan, need not be discussed. The employers, appellees Kallio and Kallio, who must pay the compensation awarded, do not seek a reversal of the award.

The questions of the existence of the marriage and of the dependency of appellants were questions of fact to be determined by the Industrial Board. Its finding is binding upon the court in cases where the evidence as to the facts found is conflicting. If from the facts proven, and all reasonable inferences deducible therefrom, the finding can be sustained, the award based thereon will not be disturbed, as this court will not weigh the evidence. In the instant case the evidence is of such character that we cannot properly say

that the Industrial Board's conclusion as to the facts established was such as could not be reached by reasonable men.

The award is affirmed.

Dudine, J. not participating.