### McKinney et al. v. Bassett.

[No. 17,283. Filed May 18, 1945.]

*John J. Dodd, Ogle & Ogle, F. Clayton Mansfield,* and *Davis & Davis,* all of Muncie, for appellants.

*Leonidas A. Guthrie* and *Robert F. Murray,* both of Muncie, for appellee.

ROYSE, J.—This appeal arose out of the following facts: On June 12, 1931 Reba McKinney, decedent, who was also known as Reba M. Fenwick, married the appellee herein. In February, 1932, the decedent brought an action for divorce in the Delaware Superior Court against appellee. In May, 1932, said decedent was granted an absolute divorce from appellee. Decedent died intestate on the 20th day of April, 1942, leaving surviving her the appellants herein. Thereafter, appellant Edward G. McKinney was appointed administrator of the estate of said decedent. On the 23rd day of September, 1942, appellee brought this action against appellants herein to set aside said decree of divorce on the grounds decedent committed a fraud on the court and appellee in the matter of the summons and service thereof, and the sheriff's return thereto in said divorce action.

The complaint in substance alleged appellee and decedent were married on the 12th day of June, 1931; that they lived and cohabited together continuously thereafter until on or about April 20, 1942, with the exception of about two years, in 1940 and 1941, when decedent was absent from the state; that decedent continuously for a period of at least two years prior to June 12, 1931, to the date of her death used and was known by the name of Reba M. Fenwick; that she used said name in all of her business transactions; that prior to and after their marriage she purchased and acquired a large amount of real estate in said name; that in making application for their marriage license she used the name of Reba McKinney. It is then alleged that on the 19th day of February, 1932, while appellee and decedent were living together as husband and wife, decedent, without

the knowledge, acquiescence or consent of appellee, under the name of Rebecca Bassett, filed an action for divorce against appellee; that she caused summons to be issued and placed in the hands of the Sheriff of Delaware County for service on appellee at the place of their residence. It is then alleged, in part, as follows:

"Plaintiff further avers that at the time of the filing of said Complaint, and long before the issuance of said summons, and at all times during the month of February, 1932, this Plaintiff was absent from the State of Indiana, and that he was not at any time within Delaware County, Indiana, during either of the months of February, March, April, or May in the year 1932.

"That said Rebecca Bassett at the time of the filing of said complaint for divorce and at the time of the issuance of the summons in said divorce action well knew that this Plaintiff was not in the State of Indiana at the said time, and she well knew at that time that this Plaintiff was not in the State of Indiana, either at the time of the filing of the Complaint for divorce hereinabove mentioned and at the time of the issuance of summons thereon as aforesaid, but notwithstanding such knowledge on her part, Rebecca Bassett falsely, wrongfully, and fraudulently directed the Sheriff of Delaware County, Indiana, to make service of said summons at the place of residence of this plaintiff and of said Rebecca Bassett at said time, to-wit: 117½ West Main Street in the City of Muncie, Indiana; that said Reba Bassett, by the use of some trick or artifice, the exact nature of which is unknown to this Plaintiff, wrongfully, knowingly, and fraudulently, purposely and without right, caused and directed and caused said summons to be, and the same was read by the Sheriff of Delaware County, Indiana, to some person unknown to this Plaintiff, in the home of this Plaintiff and of said Reba Bassett at number 117½ West Main Street, Muncie, Indiana, on the 19th day of February, 1932; and that said Rebecca Bassett then and there and thereby committed a palpable fraud upon this Court and upon this Plaintiff by wrongfully, unlawfully

and fraudulently causing a false and fraudulent return to be made upon said summons wherein and whereby the Sheriff of Delaware County, Indiana, unwittingly, and not knowing the true facts as herein alleged, certified that he had served said summons upon this Plaintiff, when in truth and in fact said summons never was at any time served upon this Plaintiff in said divorce action, but was, at the direction of said Reba Bassett, read to some person whose identity is unknown to this Plaintiff, and this Plaintiff had no notice or knowledge whatsoever either of the pendency of said divorce action or of the summons issued thereon, all as said Rebecca Bassett then and there well knew.

"Plaintiff further avers that afterwards, to-wit: on the 23rd day of April, 1932, and while this Plaintiff was still absent from the State of Indiana, as the said Rebecca Bassett then and there well knew, she, in said divorce action, falsely, wrongfully, and fraudulently caused to be presented to said Court said summons and said false, untrue and fraudulent return of the Sheriff thereon endorsed, and thereupon caused this Plaintiff to be called and defaulted in said divorce action, then and there and thereby falsely, wrongfully, and fraudulently representing to the Court that this Plaintiff had been duly served with summons in said cause whereby said Court was fraudulently deceived and misled into believing that this Plaintiff had been duly served with said summons, and this Plaintiff was thereby unlawfully and fraudulently deprived of his right to be heard and to have his day in Court in said Divorce action, all of which acts and conduct of said Rebecca Bassett in connection with said divorce action, the purported service of said summons upon this plaintiff, the default of this plaintiff as Defendant in said divorce case, were purposely, wrongfully, fraudulently and unlawfully conceived and consummated by Said Rebecca Bassett at a time when she well knew that this Plaintiff was not within the State of Indiana, at the time said summons was issued and/or at the time the same was allegedly served upon this Plaintiff, and/or at the time said default was entered by this Court on the 23rd day of April, 1932, and all for the

fraudulent and wrongful purpose and design on the part of Rebecca Bassett of knowingly and fraudulently deceiving this Court and of wrongfully and fraudulently depriving this Plaintiff of his right to be heard in said divorce action."

"Plaintiff further avers that thereafter, to-wit: On the 16th day of May, 1932, said Rebecca Bassett caused said divorce action to be submitted to said Court for trial upon the purported default of this Plaintiff, which had been brought about in the manner and form aforesaid, and said Court having heard the evidence rendered a purported judgment for Rebecca Bassett in said cause, granting her a divorce from this said Plaintiff, and that at said time this Plaintiff was not in the State of Indiana, as said Rebecca Bassett then and there well knew."

It is then further alleged, in substance, that said decree of divorce is null and void because of such unlawful conduct of the decedent; that she and appellee continued to live as husband and wife after said decree, and that she never, by any word or act, informed him of said divorce proceedings; that the first information appellee had of such divorce action came to him a few days after the death of decedent. It is then averred appellants, except appellant Administrator, are the only relatives of said decedent and they are made parties to answer as to any interest they have in the subject-matter of this action.

Appellants filed answer in two paragraphs to this complaint. The first, under the rules, admitted and denied allegations contained in the complaint. The second pleaded the six-year statute of limitations. Upon proper request the court made its special finding of facts and stated its conclusions of law thereon.

The special findings of fact are as follows:

"I

"That the person who is referred to and named in the pleadings, record and evidence in this cause

as Rebecca M. Bassett, Rebecca Bassett, Reba McKinney and Reba Fenwick, is one and the same person as Reba M. Fenwick, deceased, who died in Delaware County, Indiana, on the 20th day of April, 1942, and whose estate is represented in this cause by the defendant, Edward C. McKinney, Administrator of the Estate of Reba M. Fenwick, deceased; and that said decedent, for many years prior to June 12, 1931, and thereafter until her death, assumed and used and was commonly known by the name of Reba Fenwick.

"II

"That on the 12th day of June, 1931, the plaintiff and the said Reba Fenwick were duly and legally married in Blackford County, Indiana.

"III

"That for a long time prior to said marriage, and continuously thereafter, until sometime during the year 1940, Reba Fenwick had owned, controlled and maintained her home and residence at No. 117½ West Main Street in the City of Muncie, Indiana; and that immediately after said marriage until some time during the year 1940, said Reba Fenwick and the plaintiff herein, lived and cohabited together as husband and wife at said address, and thereafter lived and cohabited together as husband and wife at various other places in said city, with the exception of approximately two years when said decedent was absent from the City of Muncie, Indiana, until the time of her death on April 20, 1942.

"IV

"That from on or about February 6, 1932, until on or about March 15, 1932, the plaintiff herein was continuously absent from the residence of the parties, and from the State of Indiana, which fact was well known to the decedent, Reba Fenwick, at all times.

"V

"That on February 19, 1932, the decedent, Reba Fenwick as plaintiff, in the name of Rebecca Bas-

sett, instituted an action for an absolute divorce from the plaintiff herein, said action being entitled 'Rebecca Bassett vs. Dennis Bassett,' which action was duly filed and entered as Cause 7687 on the records and docket of the Delaware Superior Court of Delaware County, Indiana. That at said time, said decedent, Reba Bassett, caused a summons and a restraining order to be issued by the clerk of said court to said defendant Dennis Bassett, and directed the Sheriff of Delaware County, Indiana, or caused said clerk to direct said sheriff, to serve said summons and restraining order on the said Dennis Bassett at 117½ West Main Street, at the residence owned, controlled and maintained by her, with full knowledge that the said Dennis Bassett was not and would not be at said residence available for service of said summons and restraining order upon him. That said sheriff did not, at the time he received and served said summons, know the defendant, Dennis Bassett, or of his whereabouts or residence except insofar as he was directed by said summons to serve the same at 117½ West Main Street. That said Sheriff did, on said 19th day of February, 1932, serve said summons and restraining order upon James McKinney, then and there introduced and pointed out to said sheriff as this plaintiff, Dennis Bassett, by the occupants of said residence at said time, whose identity is unknown; and that thereafter said sheriff endorsed his returns upon said summons and restraining order therein setting forth that he had served said summons and restraining order, as commanded, upon the defendant in said action, the plaintiff herein, Dennis Bassett, by reading the same to and within his hearing on February 19, 1932, and signed said returns and filed said summons and restraining order and returns in said cause, with the Clerk of said Court on February 20, 1932.

"VI

"That on the 23rd day of April, 1932, said Rebecca Bassett took and caused to be taken in said cause, such proceedings that said summons, together with the Sheriff's return thereon endorsed, was filed with and presented to said Delaware

Superior Court in the trial of said divorce action, and said defendant, Dennis Bassett, was duly called and defaulted, and said cause submitted for trial upon the plaintiff's complaint and the answer of the Prosecuting Attorney of Delaware County, Indiana, ordered to be filed in said cause by rule of the court thereupon and therein ordered. That upon said default, part of the evidence was heard and said cause continued until the 16th day of May, 1932, at which time the trial of said cause was concluded, and a judgment and decree of absolute divorce granted to the said Rebecca Bassett. That said summons was all and the only process issued or notice issued for the defendant in said cause except the restraining order herein, and said summons and return thereon endorsed was filed with and exhibited to said court, by said Rebecca Bassett, for the purpose of, and with the intention on the part of said Rebecca Bassett, of inducing said court to assume jurisdiction of said cause and of the parties thereto, and to obtain said judgment and decree of absolute divorce, and with full knowledge on the part of Rebecca Bassett that said return endorsed thereon was false and untrue and that said defendant had not been served with said summons or with any notice of the filing and pendency of said cause. That said court, relying solely upon said summons and the return thereon endorsed, assumed jurisdiction in said cause, and took the proceedings as herein set out. That at no time, during the trial of said cause, was the said Dennis Bassett ever present in court, either in person or by attorney. That all of the aforesaid acts and conduct on the part of said Rebecca Bassett were fraudulent and constituted a fraud upon said court and the defendant in said action.

### "VII

"That the plaintiff herein had no knowledge of the filing and pendency of said action, or of the rendition and existence of said judgment until after the death of Reba Bassett on the 20th day of April, 1942, and that he filed this action on the 28th day of September, 1942.

## "VIII

"That at the time of the marriage of said Dennis Bassett and said Rebecca McKinney, to-wit: on the 12th day of June, 1931, and continuously since said date down to the time of the death of said Reba Fenwick Bassett, the said Reba Fenwick Bassett was the owner and in possession of a large amount of real estate located in Delaware County, Indiana, which said real estate was of the value of more than $9,000.00.

## "IX

"That on the 20th day of April, 1942, said decedent, Reba Bassett, and the plaintiff in this action, Dennis Bassett, were husband and wife, and said Dennis Bassett now is the surviving widower of said decedent."

Upon these findings the court stated its conclusions of law as follows:

## "I

"That the law is with the plaintiff.

## "II

"That the Delaware Superior Court of Delaware County, Indiana, had no jurisdiction of the plaintiff herein, as the defendant in Cause No. 7687, entitled 'Rebecca Bassett vs. Dennis Bassett'; nor of the subject matter of said action and that the judgment and decree of divorce entered in said cause, on the 16th day of May, 1932, is void and of no effect.

## "III

"That on the 20th day of April, 1942, at the time of the death of Rebecca Bassett, the plaintiff herein was the husband of Rebecca Bassett, and he now is the surviving widower of said decedent."

The assignment of errors here contains five grounds, as follows:

1. The Court erred in its conclusion of law No. I upon the special finding of facts.

2. The Court erred in its conclusion of law No. II upon the special finding of facts.

3. The Court erred in its conclusion of law No. III upon the special finding of facts.

4. The Court erred in each of its conclusions of law numbered I, II, and III, separately and severally, upon the special finding of facts.

5. The Court erred in overruling the appellants' motion for a new trial.

It is agreed by the parties that the first four assignments of error involve the same principles of law. We will therefore consider them together.

Appellants contend the issuable facts (that is, those within the issues made by the pleadings) found by the court do not sustain any one of the court's conclusions of law.

The theory of appellee's complaint is that the decedent perpetrated a fraud on the Delaware Circuit Court and on appellee in the divorce action, in that she fraudulently caused the sheriff of Delaware County to serve the summons to some person represented to said sheriff as being the appellee but who in fact was not appellee, said person being at the time the summons was served in the home of the decedent; that therefore the divorce decree was null and void and appellee is the surviving widower of the decedent.

This is not an action to set aside the divorce decree because of some error or irregularity. It is based on the theory the court had no jurisdiction of the person of appellee. Ordinarily, a judgment obtained by fraud on the court or on a party to the action is not void but only voidable where the fraud does not appear on the face of the record. But where it is shown the issuance or service or return on the summons was procured by fraud, then the judgment is void. *Cavan-*

augh et al. v. Smith (1882), 84 Ind. 380; Earle v. Earle (1883), 91 Ind. 27; Brown et al. v. Grove (1888), 116 Ind. 84, 18 N. E. 387.

In the instant case the complaint alleges and the special findings of fact disclose the decedent, knowing that appellee was away from the City of Muncie at the time the divorce suit was commenced and summons issued, caused the sheriff, who did not know appellee, to serve the summons on decedent's brother who was at the time of such service in the home of decedent; that this caused said sheriff to make a return on the summons to the effect he had personally served appellee by reading said summons to him, when in truth and fact no such service was made. The law will not protect such dishonest conduct. In our opinion the Delaware Superior Court never acquired jurisdiction of the person of appellee in the divorce action. Nor do the allegations or the special findings of fact disclose that appellee was guilty of such delay or neglect in bringing this action after discovering the fraud as would bar this action. The facts are clearly distinguishable from those in the case of Earle v. Earle, supra. In that case there was a lapse of nearly fifteen years after appellant learned of the fraud before she commenced the action to set it aside. Here it is alleged and found that appellee had no knowledge of the filing of the divorce action or the decree therein until after decedent's death. "Courts have inherent power to annul decrees obtained by means such as those resorted to in this case." Brown et al. v. Grove, supra.

Appellants raise other techincal questions regarding the trial court's special findings of fact, but in view of the conclusion we have reached we do not deem it necessary to pass on them.

The fifth assignment of error is that the trial court

erred in overruling appellants' motion for a new trial. There are nine specifications in this motion. The first four which we consider together are as follows:

"1. The decision of the court is contrary to law.
"2. The finding of the court is contrary to law.
"3. The decision of the court is not sustained by sufficient evidence.
"4. The finding of the court is not sustained by sufficient evidence."

Appellants contend there was either no evidence or not sufficient evidence to sustain certain material facts included in the court's special findings of fact in each of the following particulars:

(1)ʼ To support that part of Clause V of the special findings, as follows: "with full knowledge that the said Dennis Bassett was not and would not be at said residence available for service of said summons and restraining order on him."

(2) That part of Clause VI of the special findings as follows: "with full knowledge on the part of said Rebecca Bassett that said return endorsed thereon was false and untrue and that said defendant had not been served with said summons or with any notice of the filing and pendency of said cause."

(3) That part of Clause VII as follows: "That the plaintiff herein had no knowledge of the filing and pendency of said action, or of the rendition and existence of said judgment until after the death of Reba Bassett on the 20th day of April, 1942."

Mrs. Gomillion, the sister of appellee, testified he came to her home in Milwaukee, Wis., the first week in February, 1932, not later than the 6th of said month, and stayed at her home until about the middle of March. The Deputy Sheriff who served the sum-

mons in the divorce action testified he did not read said summons to the appellee but read it to James McKinney, the brother of the decedent, in her home on Main Street and that said McKinney was pointed out to him as the appellee here. We are of the opinion this evidence was sufficient to sustain the special findings of the court that the decedent knew and had knowledge that appellee was not at said time in her home and was not available for service of said summons, and therefore she was bound to know that the return endorsed on the summons reciting it had been read to him was false.

While there was conflict in the evidence, there was testimony of many witnesses that from the time appellee returned from Milwaukee until about the time of decedent's death she and appellee continuously lived and cohabited together as husband and wife except during the years 1940 and 1941, when the evidence indicates decedent was confined in a Federal prison. During all this time she introduced appellee as her husband and referred to him as such to her friends and business associates. She and he traveled to various places in this and other states as husband and wife. This evidence of decedent's conduct towards appellee during all of these years was sufficient to sustain the finding of the trial court that appellee did not know of the pretended divorce action until after her death. The law will not presume that persons live in adultery. Certainly appellee could not be bound to know of the existence of the divorce decree merely because it was of record. *Brown et al.* v. *Grove, supra.*

Specifications 5 to 9 of the motion for a new trial allege the trial court erred in refusing to permit the appellant James McKinney, while testifying as a witness for appellants, to answer the following questions:

"Where were you on the 19th day of February, 1932?"

"Did you leave the City of Muncie, Indiana, and go to some other State in the month of February, 1932?"

"On what date did you leave the City of Muncie, Indiana, in the month of February, 1932?"

"When did you last see Dennis Bassett, the plaintiff in this action, before leaving the City of Muncie, Indiana, to go to the State of Iowa, in February, 1932?"

"Where did you last see the plaintiff, Dennis Bassett, before you left the City of Muncie, Indiana, in February 1932, to go to the State of Iowa?"

Appellee objected to each of these questions on the grounds the witness was one of decedent's heirs, was a party to this action, and therefore incompetent to testify to any transaction or any matters that occurred during the life-time of the ancestor. The trial court sustained this objection to each of the foregoing questions.

Appellee contends the provisions of § 2-1716, Burns, 1933, rendered appellant James McKinney incompetent to testify as to anything that occurred prior to the death of decedent. This section provides as follows:

"In all suits by or against heirs or devisees, founded on a contract with, or demand against, the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

In support of his contention appellee relies on the cases of *Castor* v.*McDole* (1923), 80 Ind. App. 556, 148 N. E. 643, and *Lowrance* v. *Lowrance, et al.* (1932), 95 Ind. App. 345, 357, 182 N. E. 273. We are of the opinion that the ruling of this court in those cases is

not controlling on the issues presented by this case. In the Castor case, *supra,* the action, as pointed out on page 564 of the opinion, was a suit for partition against heirs affecting the property of the ancestor. The Lowrance case, *supra,* was an action to quiet title to real estate, to construe a will and establish the appellant's status as a widow and heir of the testator. The holding in the Lowrance case, *supra,* on the question here involved was in effect overruled by the Supreme Court in the case of *Norrell* v. *Norrell* (1942), 220 Ind. 398, 405, 44 N. E. (2d) 97.

The purpose of this action is to determine whether appellee is the widower of the decedent. It is not an action which will in any manner diminish the distributive assets of the estate. It is not a suit to recover judgment for such a debt or demand against decedent's estate as contemplated by § 2-1716, *supra.* The questions here involved do not relate to any conversations or transactions between the witness and deceased and the witness should have been permitted to answer them. Whether he would have been competent to testify as to conversations or transactions with the deceased is not before us. *Shaffer* v. *Richardson's Administrator* (1886), 27 Ind. 122, 129; *Brown et al.* v. *Grove, supra; Sherwood, Administrator* v. *Thomasson* (1890), 124 Ind. 541, 544, 24 N. E. 334; *Norrell* v. *Norrell, supra.*

The judgment of the Delaware Superior Court is reversed with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 61 N. E. (2d) 79.