In the Matter of the ESTATE OF Mark R. HOLT, Deceased.

No. 64A05–0701–CV–32.

Court of Appeals of Indiana.

July 23, 2007.

512

Terry K. Hiestand, Sarah A. Lawson, Hiestand Law Office, Chesterton, IN, Attorneys for Appellant.

Jeffrey S. Wrage, Richard J. Rupcich, Blachly, Tabor, Bozik & Hartman, Valparaiso, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Richard A. Holt ("Richard") appeals a negative judgment entered upon his Petition for Determination of Heirship wherein he requested that the probate division of the Porter County Superior Court declare the remarriage of decedent Mark R. Holt ("Mark") and Cindy Jo Holt ("Cindy") void due to Mark's mental incompetency. We affirm.

### Issues

Richard presents five issues for review, which we consolidate and restate as the following two issues:

I.  Whether the trial court abused its discretion in the admission of evidence; and

II. Whether the judgment is contrary to law.

### Facts and Procedural History

Mark and Cindy were married in 1984 and divorced in 1988. In 2003, they again became romantically involved. In January of 2005, Mark was diagnosed with lung cancer. The cancer metastasized to his liver, spine, and brain.

Sometime during October of 2005, Mark moved into Cindy's home. On October 29, 2005, Mark and Cindy remarried. During the evening of the wedding day, Mark

suffered a seizure and was admitted to Porter Memorial Hospital, where he suffered a second seizure. Mark died on November 15, 2005.

On February 1, 2006, Richard, the decedent's brother, filed a Petition for Determination of Heirship. The probate court conducted a hearing on November 13, 2006. On December 13, 2006, the probate court entered its findings of fact, conclusions of law, and order adjudging Cindy to be Mark's surviving spouse and sole heir. Richard now appeals.

### Discussion and Decision

#### Standard of Review

▪ When Indiana Trial Rule 52 special findings and conclusions are made, we must determine whether the evidence supports the findings and whether the findings support the judgment. *Short on Cash.Net of New Castle, Inc. v. Dep't of Fin. Inst.*, 811 N.E.2d 819, 823 (Ind.Ct. App.2004). A judgment will not be reversed absent clear error. *Id.* Findings of fact are clearly erroneous when the record lacks evidence or reasonable inferences drawn from the evidence to support them. *Id.*

▪ Marriage is a civil contract, the validity of which may be challenged in court. *See Baglan v. Baglan*, 102 Ind. App. 576, 4 N.E.2d 53, 55 (1936). Indiana Code Section 31–11–8–4 provides: "A marriage is void if either party to the marriage was mentally incompetent when the marriage was solemnized." Accordingly, if a party is of unsound mind when the ceremony was performed, the marriage can be declared void. *Baglan*, 4 N.E.2d at 55. The burden rests upon the challenger to prove that a party was incapable of understanding the nature of the marriage contract. *Id.* "The presumption in favor of the validity of a marriage consummated according to the forms of law is one of the strongest known." *Bruns v. Cope*, 182

Ind. 289, 105 N.E. 471, 473 (1914), *overruled in part on other grounds by Nat'l City Bank of Evansville v. Bledsoe*, 237 Ind. 130, 144 N.E.2d 710 (1957).

▪ Because Richard appeals from a negative judgment, he must demonstrate that the trial court's judgment is contrary to law; that is, the evidence of record and the reasonable inferences therefrom are without conflict and lead unerringly to a conclusion opposite that reached by the trial court. *Northern Elec. Co., Inc. v. Torma*, 819 N.E.2d 417, 421 (Ind.Ct.App. 2004), *trans. denied.* We cannot reweigh the evidence or judge the credibility of any witness. *Id.* However, while we defer substantially to the trial court's findings of fact, we evaluate questions of law de novo. *Id.* at 422. Our review in this case focuses upon whether the evidence unerringly points to the conclusion that Mark was mentally incompetent at the time of his remarriage to Cindy.

### I. Admission of Evidence

Richard claims that the probate court erred in several evidentiary rulings. More specifically, Richard contends that the probate court erroneously "allowed improbable lay testimony." Appellant's Brief at 13. Further, he claims that he should have been allowed to elicit testimony concerning Cindy's prior marriages. He also claims that Cindy was an incompetent witness under the Dead Man's Statute, Indiana Code Section 34–45–2–5.

▪ Generally, the admission or exclusion of evidence is a determination entrusted to the discretion of the trial court. *R.R. Donnelley & Sons Co. v. N. Texas Steel Co., Inc.*, 752 N.E.2d 112, 126 (Ind. Ct.App.2001), *trans. denied.* We will reverse a trial court's decision only for an abuse of discretion, that is, when the decision is clearly erroneous and against the

logic and effect of the facts and circumstances before the court. *Id.* at 126–27. Erroneously excluded evidence requires reversal only if the error relates to a material matter or substantially affects the rights of the parties, and any error in the admission of evidence is harmless if the same or similar evidence is submitted without objection. *Id.* at 127.

■ Several lay witnesses testified concerning Mark's apparent state of mind and actions on his wedding day. Porter County Clerk Dale Brewer, who completed the marriage license application and performed the wedding ceremony, testified that she "followed basic procedures" and perceived "no red flags." (Tr. 98.) She testified further that she specifically asked Mark if he "wanted to get married." (Tr. 115.) In her opinion, Mark had no problems answering the application questions and responded promptly and appropriately. Mark's friend Darin Milbrandt testified that Mark exhibited no problems at the wedding. He was "in good spirits" and "didn't need assistance." (Tr. 142.) Mark's stepson testified that Mark joked and laughed, talked about fishing, and specifically inquired about his step-granddaughter. Curtis and Donna Claussen, who briefly visited with Mark after the wedding, described a conversation in which Mark asked about Curtis's work and correctly identified his employer. Curtis opined that Mark was "not confused or incoherent" and expressed his wish to get out on his boat. (Tr. 168.) Irene Claussen also testified that Mark was engaging in normal conversation and was "not confused or incoherent." (Tr. 129.)

Richard essentially argues that the testimony of each of the foregoing witnesses should be discarded as incredible because they are related to or friendly with Cindy and they are not expert witnesses. He cites no authority for the proposition that laypersons may offer no evidence of another person's mental competency. He also would discard the testimony of expert witness Dr. Robert Granacher because his opinion of competency rests in part upon the laypersons' reports. Richard merely requests that we reweigh the evidence, find each of Cindy's witnesses lacking in credibility, and credit only the testimony of his expert witness who opined that Mark's seizures were likely preceded by undiagnosed seizure activity. However, we do not engage in this reweighing process, but rather must determine whether the evidence unerringly points to a conclusion other than that reached by the trial court. *See LTL Truck Service, LLC v. Safeguard, Inc.,* 817 N.E.2d 664, 667 (Ind.Ct.App. 2004). Such is not the case here.

Richard also complains that he was not allowed to question witnesses about Cindy's prior marriages. At the hearing, Cindy and her mother were asked to affirm the truth of the statement that Cindy had been married four times. The probate court sustained an objection on the basis of relevance. Richard made no offer of proof and wholly fails to explain the relevance of Cindy's prior marriages. As such, he has demonstrated no reversible error in this regard. *R.R. Donnelley,* 752 N.E.2d at 127.

Richard argues that Cindy's "lips should have been sealed by the Dead Man's Statute." Appellant's Brief at 15. Indiana Code Section 34–45–2–5 provides in relevant part as follows:

(a) This section applies to suits by or against heirs or devisees founded on a contract with or demand against an ancestor:

(1) to obtain title to or possession of property, real or personal, of, or in right of, the ancestor; or

(2) to affect property described in subdivision (1) in any manner.

(b) This section does not apply in a proceeding to contest the validity of a:

(1) will; or

(2) trust.

(c) Except as provided in subsection (d), neither party to a suit described in subsection (a) is a competent witness as to any matter that occurred before the death of the ancestor.

■▬▬▬▬ Generally, when an executor or administrator of an estate is one party, the adverse parties are not competent to testify about transactions that took place during the lifetime of the decedent. *In re Estate of Lambert,* 785 N.E.2d 1129, 1132 (Ind.Ct.App.2003), *trans. denied.* The purpose of the Dead Man's Statute is to protect decedents' estates from spurious claims. *Id.* The statute guards against false testimony by a survivor by establishing a rule of mutuality, wherein the lips of the surviving party are closed by law when the lips of the other party are closed by death. *Id.* We have held that the Dead Man's Statute applies to all cases in which a judgment may result for or against the estate, notwithstanding the parties' positions as plaintiff or defendant. *Id.*

■▬▬▬ Here, the controversy is one of right to inherit and does not concern a claim against the assets of the estate. Richard alleged Cindy was not Mark's heir because she was not legally married to Mark. A declaration of the validity or invalidity of the marriage is not equivalent to a judgment for or against the estate. *McKinney v. Bassett,* 115 Ind.App. 614, 61 N.E.2d 79 (1945) involved an appeal from an action against an administrator and decedent's heirs by a man claiming to be the decedent's husband and seeking to set aside a divorce secretly obtained by the decedent. This Court held that the Dead Man's Statute then in effect[1] did not bar the testimony of an heir, reasoning as follows:

> The purpose of this action is to determine whether appellee is the widower of the decedent. It is not an action which will in any manner diminish the distributive assets of the estate. It is not a suit to recover judgment for such a debt or demand against decedent's estate as contemplated by § 2–1716, § 305 supra.

*Id.* 61 N.E.2d at 85. Likewise, the Dead Man's Statute does not operate to bar Cindy as a witness in the instant case.

## II. Judgment Contrary to Law

Richard argues that the probate court's factual findings are erroneous because (1) the court should have credited the testimony of Dr. Todd Janus rather than that of lay witnesses present at the wedding, (2) Cindy's testimony is unbelievable, and (3) the evidence indicates that Mark likely suffered seizures prior to the post-marriage seizures documented in the medical records. As we have previously stated, we do not reweigh the testimony of the witnesses and determine issues of credibility so that we may substitute our judgment for that of the probate court. *N. Elec. Co., Inc.,* 819 N.E.2d at 421. Richard postulates that Mark must have suffered premarital, undocumented seizures negatively impacting his mental competency. However, a plaintiff's burden may not be fulfilled by evidence based merely upon supposition or speculation. *Topp v. Leffers,* 838

---

1. § 2–1716, Burns 1933 then provided: "In all suits by or against heirs or devisees, founded on a contract with, or demand against, the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

N.E.2d 1027, 1033 (Ind.Ct.App.2005), *trans. denied.*

Richard also argues that the judgment is contrary to law because the probate court disregarded Indiana Code Section 31–11–4–11, which provides:

> A clerk of a circuit court may not issue a marriage license if either of the individuals who applies for the license:
>
> (1) has been adjudged to be mentally incompetent unless the clerk finds that the adjudication is no longer in effect; or
>
> (2) is under the influence of an alcoholic beverage or a narcotic drug.

The parties did not dispute the fact that Mark received narcotics as part of his cancer treatment. However, the foregoing statute defines the duty of the clerk, and this is not an action against the clerk for a breach of her statutory duty. Richard sought a probate court order to declare a marriage void due to a party's unsoundness of mind. Indiana Code Section 31–11–8–4 is the controlling statute. While evidence of influence from a narcotic drug (whether legal or illegal) may be relevant to mental competency, it is not an automatic basis for declaring a marriage void as Richard suggests.

In light of the foregoing, Richard has not demonstrated that the probate court's judgment is contrary to law.

Affirmed.

SHARPNACK, J., and MAY, J., concur.