DEREMIAH *v.* POWERS-THOMPSON CONSTRUCTION COMPANY.

[No. 18,724. Filed October 21, 1955.]

*Mellen & Mellen,* of Bedford, for appellant.

*Joseph E. Tinkham, Palmer C. Singleton, Jr.,* of Hammond, *James V. Donadio, R. Stanley Lawton, Geof-*

*frey Segar,* all of Indianapolis, and *Travis & Tinkham,* of Hammond, and *Ross, McCord, Ice & Miller,* of Indianapolis, of counsel, for appellee.

ROYSE, J.—The sole question to be determined by this appeal is: Did the Full Industrial Board of Indiana err in finding that appellant was not the wife of George F. Deremiah at the time of his death as the result of an accident arising out of and in the course of his employment by appellee?

The facts on this question as disclosed by the briefs may be summarized as follows:

Decedent and appellant were married in Little Rock, Ark., February 9, 1944. In 1945 they moved from Evansville, Indiana, to West Baden, Indiana, and ever since considered that to be their permanent address. They did live at various places in Lake County in 1947 or 1948. On December 15, 1950, appellant brought suit for divorce from decedent in the Morgan Circuit Court. In her residence affidavit she stated she had been a resident of Morgan County for more than one year prior to December 15, 1950. On March 10, 1951, she was granted a divorce from decedent. He was in the court room when the divorce was granted. She stated she and decedent lived together continuously from the date of their marriage until he was killed on April 22, 1952. At the time of decedent's death they were living as husband and wife in East Chicago, Indiana. There was ample evidence to establish the fact they had lived together as husband and wife from the time of their marriage until the death of decedent.

On August 20, 1953, appellant filed in the Morgan Circuit Court an action to set aside the divorce decree of March 10, 1951. The administrator of decedent's estate was named as one of the defendants in said

cause, as were the heirs of said decedent. After hearing evidence the Morgan Circuit Court found that at the time appellant filed her complaint for divorce neither she nor decedent lived in said county; that by reason thereof said court did not have jurisdiction of said cause or the parties. The court further found that when the complaint for divorce was filed, the parties were living together as husband and wife and had so lived since their marriage; that decedent forced appellant to go from their home in Orange County with him to Morgan County to file said complaint; that after that action was filed, decedent took her back to their home in Orange County where they continued to live together as husband and wife until March 10, 1951, when he took her back to Morgan County under threats to kill her, and forced her to secure a divorce by false testimony. He furnished residence witnesses and paid all attorney fees; that the parties had lived together as husband and wife from the date of their marriage until the death of decedent. The court found that the decree of divorce should be set aside. Judgment accordingly.

The record further discloses that in a statement of May 28, 1952, after the death of appellant, she said that subsequent to the divorce and prior to decedent's death they were planning on getting married again, but no definite date was set for their marriage.

Appellant, upon proper assignment of error, contends the provision of §3-1207, Burns' 1946 Replacement, limiting action to set aside a decree of divorce, has no application where fraud on the court is the basis of the action to set aside such a decree. Citing: *Brown et al.* v. *Grove* (1888), 116 Ind. 84, 18 N. E. 387; *McKinney et al.* v. *Bassett* (1945), 115 Ind. App. 614, 61 N. E. (2d) 79.

In the Brown case, supra, the Supreme Court, speaking through Judge Elliott, said:

"It is alleged in the complaint of the appellee that she was married to Henry W. Grove in 1851; that in March, 1863, a decree of divorce was obtained by fraud; that the petition for divorce was filed in her name without her knowledge or consent; that she did not authorize the solicitor whose name is signed to the petition, purporting to have been filed by her, to file any petition; that the petition was filed and procured without her knowledge by Henry W. Grove, and that on the day it was filed he appeared in person and filed an answer.

"It is further alleged that at the time the petition was filed she was ill and almost blind; that soon after the decree was entered she became, and has since been, totally blind, and for a great part of the time has been an inmate of the county poorhouse.

"It is also averred that she had no notice or knowledge of the proceedings until long after the death of Henry W. Grove, and that he died on the 7th day of December, 1883.

"The complaint is good. A husband who procures a petition to be filed in the name of his wife against himself without her knowledge, and answers the complaint filed by his own procurement, perpetrates a fraud upon her and upon the court. Such conduct courts abhor. It would be a mockery to uphold a decree obtained by such a fraud. Courts have inherent power to annul decrees obtained by means such as those resorted to by Henry W. Grove. *Nealis* v. *Dicks*, 72 Ind. 374; *Cavanaugh* v. *Smith*, 84 Ind. 380; *Earle* v. *Earle*, 91 Ind. 27."

In concluding this opinion the court said:

"Whether property rights acquired upon the faith of the validity of the decree are affected, we have not inquired, and of course, have not decided. All that we do decide is, that Mrs. Grove had a right to relief against the decree procured by fraud. When she claims, should she ever do so, property rights, then other questions may arise, but now

we decide only that she had a right to be relieved from the fraudulent decree."

In the Earle case, cited above, on facts quite analogous to those in this case as to residence of the parties, after an exhaustive review of the earlier cases on this subject, the Supreme Court, speaking through Judge Zollars, said:

"We think, therefore, that when such a wrong has been consummated in the obtaining of decrees of divorce, the courts have the right and owe the duty to set them aside and declare them null and void."

and then overruled earlier cases holding to the contrary. In that case the wife was denied relief because she had waited for more than fifteen years after the decree of divorce had been granted. On petition for a rehearing, in rejecting the contention of appellant that the decree of divorce was absolutely null and void and therefore laches nor length of acquiescence could deprive appellant of the right to have the decree set aside and vacated, the court, at pages 42 and 43, said:

"The record in this case does not contain a copy of the decree and proceedings in the Kosciusko Circuit Court. The infirmities in those proceedings, so far as shown by the complaint, are not such as appear upon the face of the record. They are such as render the judgment voidable, but not void. As we said in the recent case of *Smith* v. *Hess, post* p. 424, which was decided after a very full and careful examination: 'Some confusion has been brought into the cases by the use of the terms void and voidable as applied to judgments. Judgments are frequently spoken of as void, because they may be so declared in a proper proceeding. The general and correct rule, as established by the weight of authority, is, that a judgment by a court of competent jurisdiction is not void, unless the thing lacking, or making it so, is apparent upon the face of the record.

If the infirmity do not so appear, the judgment is not void, but voidable. One is a nullity, a mere *brutum fulmen,* and may be so treated by all persons, in collateral as well as direct attacks. The other, except in certain cases of fraud, is binding upon third parties, and upon the parties to it, as against a strictly collateral attack. (Citing authorities).'

"The Kosciusko Circuit Court is one of record and general jurisdiction, with full power to hear and render decrees in cases for divorce. It had jurisdiction of the subject-matter, and, so far as shown by the record, of the persons of the petitioner and defendant. Except as pointed out in the complaint in this case, we must presume in favor of the regularity of the proceedings. The return of the summons in the divorce case, as shown by the complaint in this, was regular and valid. A person examining the record in that case would find nothing indicative of the wrongs and frauds complained of. *The wrongs and frauds were upon the defendant and upon the court, which are not of record,* and do not render the judgment void in a legal sense, but voidable." (Our emphasis.)

We believe the foregoing rule is applicable to the facts presented by the record herein.

In the McKinney case, *supra,* the decree of divorce was obtained by the fraud of the wife in obtaining issuance of summons and the service of same on her brother, while she knew her husband was out of the State. Under the authority of the case of *Cavanaugh et al.* v. *Smith* (1882), 84 Ind. 380, we held the judgment in that case was void because of such fraud, the court never having acquired jurisdiction of the person. In this case the husband was served with summons and both of the parties appeared in the Morgan Circuit Court at the trial of the divorce.

We are of the opinion the rule which should guide our determination is stated in the case of *Beavers et al.*

v. *Bess et al.* (1915), 58 Ind. App. 287, 108 N. E. 266, where, after reviewing the authorities, this court, at p. 298, said:

" . . . this court and the Supreme Court are committed to the doctrine that when a judgment or decree has been entered of record in a court of general jurisdiction, that to render the same void, it is not enough, that the court did not, in fact, have jurisdiction to render it, but such want of jurisdiction must appear from the face of the record. The decree of divorce under consideration in the light of the authorities is not void, but voidable, for it was expressly held in *Baker* v. *Osborne, supra* (55 Ind. App. 518) that the judgment could not be collaterally attacked unless the record of the court affirmatively shows that no notice was given, and this is so, although the record shows a defective and irregular notice."

and, at pages 304, 305, we said:

"The death of John M. Beavers fixed the status of appellant, Margaretta Beavers. By his death she became an unmarried woman irrespective of the validity of the divorce proceedings, or as to whether or not the decree was vacated. Upon his death the court was without jurisdiction to litigate this question independent of any other question. The substitution of the administrator as a party defendant for the sole purpose of contesting as to whether or not the decree should be set aside conferred no jurisdiction to proceed further in the matter. The decree of divorce was not set aside by this proceeding, and the title held by appellee, Cora D. Bess, to the real estate is not affected by an unsuccessful attempt to set aside the decree. She was a purchaser for a valid consideration. *Hays* v. *Montgomery* (1889), 118 Ind. 91, 90 N. E. 646. Had the issues been reformed upon the death of John M. Beavers or a new suit filed, setting up that he left an estate, and that it was necessary in order to settle the property rights to set aside the decree of divorce, and if all parties interested, including the administrator and appellee, Cora D.

Bess, were made parties, we would have a different question before us."

See also: *Welch* v. *Capital Paper Company et al.* (1921), 76 Ind. App. 416, 132 N. E. 313; *Juday, Executor of last will and testament of Pence, Deceased et al.* v. *Lantz, Myers* (1954), 124 Ind. App. 552, 117 N. E. 2d 382 (Transfer dismissed).

We are of the opinion the decree of divorce which was subsequently set aside by the Morgan Circuit Court was a voidable judgment. Therefore, it was in full force and effect until set aside.

Under §40-1403, Burns' 1952 Replacement, it is provided: "The question of total dependency shall be determined as of the time of death."

In the case of *The Studebaker Corporation* v. *Anderson et al.* (1933), 96 Ind. App. 215, at page 218, 183 N. E. 408, at page 409, we said:

"Under the terms of the statute, and of necessity without regard to the statute, the question of dependency, except as to the posthumous children, must be determined as of the time of the death of the employee."

See also: *Pocialik et al.* v. *Federal Cement Tile Company* (1950), 121 Ind. App. 11, 19, 97 N. E. 2d 360.

Decedent was killed on April 22, 1952. The record herein discloses appellant's application was filed with the Industrial Board of Indiana on the 17th day of August, 1953. Her suit to set aside and vacate the judgment was filed August 20, 1953. Therefore, we hold that at the time decedent was killed—at least as between appellant and appellee—appellant was not the wife of decedent.

Appellant next contends, should we hold appellant is not the legal wife of decedent, she is, under the evi-

dence, his common-law wife and therefore entitled to compensation. She further contends the provision of the Workmen's Compensation Act that such common-law relationship must have existed for five years is unconstitutional.

To constitute a common-law marriage it is essential that there be a mutual agreement of the parties to contract marriage and assume the relation of husband and wife. In re *Dittman's Estate* (1953), 124 Ind. App. 198, 115 N. E. 2d 125. The record in this case is utterly devoid of any evidence which would establish such an agreement. In fact the statement of appellant that "George Deremiah and I planned on getting married again, but no definite date was set" seems to us to clearly indicate there was no common-law marriage between these parties.

Therefore, we need not consider the constitutionality of the questioned provision of the statute.

Finally, appellant is not entitled to compensation as a total dependent in fact because she was not related to decedent by blood or marriage. *Willan* v. *Spring Hill Coal Corporation* (1948), 118 Ind. App. 422, 78 N. E. 2d 880 (Transfer denied).

Judgment affirmed.

NOTE.—Reported in 129 N. E. 2d 425.