Rithie PARKER, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. H 78–366.

United States District Court, N.D. Indiana, Hammond Division.

April 19, 1989.

Sidney Krieger, Skokie, Ill., for plaintiff.

Asst. U.S. Atty., Hammond, Ind., for defendant.

MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Plaintiff-claimant, Rithie Parker, and defendant, Secretary of Health and Human Services ("Secretary") have both filed Motions for Summary Judgment with supporting briefs. This action was brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Secre-

tary denying plaintiff's claim for widow's insurance benefits under Section 202(e) and 223 of the Act, 42 U.S.C. §§ 402(e), 423.

## FACTS

Plaintiff Rithie Parker married George Parker on February 13, 1970 in Lake County, Indiana. After their marriage, the Parkers lived at 1320 East Sixth Avenue, Gary, Indiana.

Several months after their wedding, plaintiff and her husband separated. Plaintiff continued to live at 1320 East Sixth Avenue. On July 2, 1970, plaintiff filed a Complaint for Separation of Bed and Board in the Circuit Court of Lake County, Indiana. On July 28, 1970, the Circuit Court entered an order granting plaintiff the sole occupancy of the house located at 1320 East Sixth Avenue.

On May 25, 1973, George Parker, unbeknownst to plaintiff, filed a Complaint for Divorce in the Circuit Court of Lake County, Indiana. In conjunction with the divorce complaint, Mr. Parker submitted an "Affidavit of Non–Residence of Defendant" in which he swore that his wife was not a resident of the State of Indiana and that her residence was not known and could not be ascertained upon diligent search and inquiry. Plaintiff had never moved from the marital residence. The affidavit, however, was enough to give the court jurisdiction to issue the divorce decree and also resulted in service by publication rather than personal service, pursuant to TR 4.13 of the Indiana Rules. Plaintiff did not show up for the divorce hearing and a default judgment was entered against her. On April 9, 1974, plaintiff instituted a motion to set aside the divorce decree. While this motion was pending, George Parker died, and the motion was consequently dismissed by the Circuit Court as moot. On May 19, 1975, plaintiff applied for widow's benefits with the Social Security Administration which set in motion the procedural history of this case.

## PROCEDURAL HISTORY

Plaintiff applied for widow's benefits on May 19, 1975. The Secretary denied her application initially and on reconsideration, finding plaintiff did not fall within the statutory definition of "widow." The Administrative Law Judge ("ALJ"), before whom plaintiff, her attorney and witness appeared, considered the case *de novo*, and on June 23, 1978, found that plaintiff was not eligible for widow's benefits. The ALJ's decision became the Secretary's final decision when the Appeals Council affirmed it on July 21, 1978. Plaintiff then sought judicial review in this court. Judge Kanne subsequently ruled on the parties' Cross–Motions for Summary Judgment on November 23, 1983. Plaintiff's and defendant's motions for summary judgment were both denied and the case was remanded for further proceedings consistent with the order. The Appeals Council, on remand, found that plaintiff did not qualify for widow's benefits. This case is now once again before this court on the parties' Cross–Motions for Summary Judgment.

## THE DISTRICT COURT'S ORDER AND REMAND

In the original administrative proceedings, the arguments on both sides came down to one issue: was the divorce decree, which was obviously fraudulently obtained, void or voidable under Indiana law?

Judge Kanne made it very clear in his Memorandum and Order of November 22, 1983 that the court agreed with both parties' arguments. That is, if the divorce decree was voidable, as the Secretary argued, then plaintiff would not be entitled to benefits because she did not meet the definitional requirement of "widow." On the other hand, if the divorce decree was void, as plaintiff argued, then she would meet the definitional requirement and would be entitled to benefits. Judge Kanne declined, however, to decide whether the decree was "void" or "voidable" because he determined that that issue should be decided by the state court. Plaintiff, for reasons unknown to this court, either chose not to reopen her case at the state level, or made an unsuccessful attempt to do so. Nor did she proffer any other evidence on remand to prove her status. Plaintiff, through her

counsel, indicated to the Appeals Council that no additional evidence would be forthcoming and restated her position that the divorce decree was void rather than voidable under Indiana law. The Appeals Council found that under Indiana law the divorce decree was voidable and therefore not subject to collateral attack. The Secretary, in determining whether plaintiff was entitled to widow's benefits therefore was found to have properly relied on the validity of the divorce decree.

### ANALYSIS

This court is very disturbed by the way the remand in this case was handled by plaintiff. It basically appears to have been a waste of time as plaintiff did not produce any new evidence. Nor was the state court case reopened, which is extremely difficult for this court to understand, as such action could very well have resulted in a declaration that the divorce decree was void, which in turn, as Judge Kanne pointed out, would have resulted in a determination that plaintiff was entitled to widow's benefits. Granted, Judge Kanne did not *order* that the state court case be reopened but his "suggestion" was more than casual commentary. His intention that the void/voidable issue be decided by the state court is unmistakably clear:

> Fully realizing claimant's status as wage earner's widow is determinable of an award of benefits; on remand, claimant must produce substantial evidence to prove her status. Both parties urge us to decide the status of the divorce, and thereby, its affect. However, neither party has convinced us that a determination of whether the Indiana divorce decree is void or voidable is within our jurisdiction. Nor does our research yield precedent for such a determination. We cannot award or withhold our imprimatur without the requisite jurisdiction.
>
> We agree with both parties' arguments; in that, if the divorce decree is voidable, as the Secretary suggests, then claimant is not entitled to benefits because she does not meet the definitional requirement of "widow". If the divorce decree is void, as claimant suggests, then

she meets the definition or requirement and is entitled to benefits. However, the parties' arguments as to the standards and tests utilized in determining whether the decree is void or voidable is an issue for the state court.

> Accordingly, on remand claimant will have an opportunity to prove her status by reopening her state court case and obtaining a determination, or by any other evidence she chooses to proffer.

Instead of taking Judge Kanne's excellent suggestion and reopening the state court case, plaintiff apparently did nothing. It is possible that she tried to reopen the case and was unsuccessful in doing so, but there is no indication of this in the record. She did not attempt to provide additional evidence to support her position. She merely reasserted her claim that the decree was void. As a result, the Appeals Council, on remand, had no more evidence to consider than it had the first time around. Now, back in this court, plaintiff has moved for summary judgment on the basis of the same argument and has done nothing more than cite two additional cases which she believes support her position. This court must now decide the void/voidable issue with basically the same evidence which was available before the remand.

Procedurally, the court considers this case on cross-motions for summary judgment, each supported by a memorandum. All essential questions having been fully briefed by the parties, the matter is ripe for a decision.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure (Fed.R.Civ.P. 56); *accord Arkwright–Boston Mfrs. Mutual Ins. Co. v. Wausau Paper Mills Co.,* 818 F.2d 591, 593 (7th Cir.1987). A material question of fact is a question which will be outcome-determinative of an issue in that case. *Big O*

*Tire Dealers, Inc. v. Big O Warehouse,* 741 F.2d 160, 163 (7th Cir.1984).

Recently the Supreme Court of the United States took the opportunity to address Rule 56, Fed.R.Civ.P. In two cases decided on the same day, the Court has expanded the scope of the application of Rule 56. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

After *Celotex* it is clear that a non-moving party may not rest on its pleadings to avoid summary judgment. 106 S.Ct. at 2554. *See also Catrett v. Johns–Manville Sales Corp.,* 826 F.2d 33 (D.C.Cir.1987). The initial burden is on the moving party to demonstrate " 'with or without supporting affidavits' " the absence of a genuine issue of material fact, and that judgment as a matter of law should be granted in the moving party's favor. *Celotex,* 106 S.Ct. at 2553 (quoting Rule 56). Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine [material] issue for trial.' " *Id.* Furthermore, in *Anderson,* the Court held that what facts are material in a specific case shall be determined by the substantive law controlling that case or issue. 106 S.Ct. at 2510. In addition, the Court went on to interpret Rule 56 as requiring that the courts analyze summary judgment motions utilizing the standard of proof relevant to that case or issue. *Id.* at 2512–2513. For recent academic insight into *Celotex* and *Anderson,* see Childress,

*A New Era For Summary Judgments: Recent Shifts at the Supreme Court,* 116 F.R.D. 183–194 (1987). At page 194 thereof, the author states:

> The recent Supreme Court cases likely require that summary judgment be more readily granted.... This emerging trend signals a new era for summary judgments, one in which the old presumptions are giving way to a policy of balancing and efficiency, and the mechanism is more appropriate to double as a sufficiency motion—allowing some sort of trial itself on the paper record.

For the judicial epilogue of *Celotex,* see *Catrett v. Johns–Manville Sales Corp.,* 826 F.2d 33 (D.C.Cir.1987). A recent object lesson applying these ideas is found in *Richardson v. Penfold,* 839 F.2d 392 (7th Cir.1988). *See also Jamison–Bey v. Thieret,* 867 F.2d 1046 (7th Cir.1989). For an exact and recent analysis on this subject, see Friedenthal, *Cases on Summary Judgment: Has There Been a Material Change in Standards?* 63 Notre Dame L.Rev. 770 (1988).

The Social Security Act provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (1983); *Walker v. Bowen,* 834 F.2d 635, 639 (7th Cir.1987); *Burnett v. Bowen,* 830 F.2d 731, 734 (7th Cir.1987).

The Secretary's findings of fact are not in dispute. In particular, the finding that the divorce decree was fraudulently obtained by George Parker is not in dispute. The only question is one of law. That is, was the fraudulently obtained divorce decree void or voidable under Indiana law? If it was void, the decree never had any effect and plaintiff meets the definitional requirements of a widow.[1] If it was voida-

---

**1.** Three statutory sections are relevant to the definition of a widow for purposes of social security benefits:

    a. 42 U.S.C. § 416(h)(1)(A) provides:

      (h) Determination of Family Status

      *(l)*(A) An applicant is the wife, husband, widow, or widower of a fully or currently insured individual for purposes of this subchapter if the courts of the State in which such insured individual is domiciled at the time such applicant files an application, or, if

such insured individual is dead, the courts of the State in which he was domiciled at the time of death, or, if such insured individual is or was not so domiciled in any State, the courts of the District of Columbia, would find that such applicant and such insured individual were validly married at the time such applicant files such application or, if such insured individual is dead, at the time he died. If such courts would not find that such applicant and such insured individual were validly

ble, the decree was and still is in effect and plaintiff does not meet the definitional requirements of a widow and is therefore not entitled to widow's benefits.

The Appeals Council determined that the divorce decree was voidable, rather than void, and therefore denied plaintiff's claim. In coming to that decision, the Appeals Council had to interpret Indiana law.

■ Although a district court is bound to accept the Secretary's findings of fact if they are supported by substantial evidence, it is not bound to accept the Secretary's interpretation of state law. *Kasey v. Richardson*, 462 F.2d 757, 759 (4th Cir.1972); *Carroll v. Social Security Board*, 128 F.2d 876, 881 (7th Cir.1942) (substantial evidence rule not controlling when question of law, rather than fact, is at issue); *Baber v. Schweiker*, 539 F.Supp. 993, 995 (D.C.D.C. 1982); *Cox v. Weinberger*, 404 F.Supp. 1384, 1385 (E.D.Mich.1975) (issue of whether claimant was wife of insured is issue of law, fully reviewable by district court). As the facts are not in dispute, this court need only concern itself with whether the Appeals Council properly interpreted Indiana law in making its decision to deny benefits.

■ The Appeals Council relied primarily on *Earle v. Earle*, 91 Ind. 27 (1883), *Beavers v. Bess*, 58 Ind.App. 287, 108 N.E. 266 (1915), and *Deremiah v. Powers–Thompson Construction Co.*, 125 Ind.App. 662, 129 N.E.2d 425 (1955).

In *Earle*, the Supreme Court of Indiana dealt with the difference between void and voidable judgments. The court noted that a judgment by a court of competent jurisdiction is not void unless it is apparent on the face of the record. Otherwise, if the infirmity does not so appear, the judgment is voidable. There is nothing on the face of George Parker's fraudulent affidavit which would indicate it was fraudulent. The *Earle* court went on to say that a void judgment is a nullity and may be so treated in a collateral attack. A voidable judgment, however, is binding on the parties as against a collateral attack. In the case before this court, plaintiff is making a collateral attack on the divorce decree. If the decree is void, she may do so. However, *Earle* supports the Secretary's contention that the decree is voidable rather than void.

The Appeals Council next considered the *Beavers* case which it noted was directly on point. That case dealt with a fraudulent affidavit filed in a petition for divorce. The affidavit stated that the defendant was not a resident of the State of Indiana when, in fact, she was and the affiant knew it. The court in *Beavers* again stated, "When a judgment shows on its face that the court or tribunal rendering it had jurisdiction,

---

married at such time, such applicant shall, nevertheless be deemed to be the wife, husband, widow, or widower, as the case may be, of such insured individual if such applicant would, under the laws applied by such courts in determining the devolution of intestate personal property, have the same status with respect to the taking of such peoperty as a wife, husband, widow, or widower of such insured individual.

b. 42 U.S.C. § 416(c) provides:

(c) Widow.

The term "widow" (except when used in the first sentence of section 402(i) of this title) means the surviving wife of an individual, but only if (1) she is the mother of his son or daughter, (2) she legally adopted his son or daughter while she was married to him and while such son or daughter was under the age of eighteen, (3) he legally adopted her son or daughter while she was married to him and while such son or daughter was under the age of eighteen, (4) she was married to him at the time both of them legally adopted a child under the age of eighteen, (5) she was married to him for a period of not less than nine months immediately prior to the day on which he died, or (6) in the month prior to the month of her marriage to him (A) she was entitled to, or on application therefor and attainment of age 62 in such prior month would have been entitled to, benefits under subsection (b), (e), or (h) of section 402 of this title, (B) she had attained age eighteen and was entitled to, or on application therefor would have been entitled to, benefits under subsection (d) of such section (subject, however, to section 402(s) of this title), or (C) she was entitled to, or upon application therefor and attainment of the required age (if any) would have been entitled to, a widow's, child's (after attainment of age 18), or parent's insurance annuity under section 231a of Title 45.

c. 42 U.S.C. § 416(d) provides:

(2) The term "surviving divorced wife" means a woman divorced from an individual who has died, but only if she had been married to the individual for a period of 10 years immediately before the date the divorce became effective.

such judgment cannot be assailed collaterally by alleging and proving facts extraneous to the record." 108 N.E. at 269. The court in *Beavers* also noted that a judgment would not be subject to collateral attack where notice by publication was given upon a defective or false affidavit. *Id.*

The third case relied upon by the Appeals Council was the *Deremiah* case which held that,

A judgment by a court of competent jurisdiction is not void, unless the thing lacking or making it so is apparent on the face of the record, but if the infirmity does not appear on the face, then the judgment is not void, but voidable.

129 N.E.2d at 428.

None of the cases upon which plaintiff has based her argument are in conflict with the cases described above. The cases all agree that a divorce obtained by fraud should be set aside by the court that granted the decree or upon appeal. *Earle v. Earle,* 91 Ind. 27 (1883); *Brown v. Grove,* 116 Ind. 84, 18 N.E. 387 (1888); *McKinney v. Bassett,* 115 Ind.App. 614, 61 N.E.2d 79 (1945); *Downey v. Richardson,* No. 71–715–S (N.D.Ala.1972).[2] There is no disagreement that voidable judgments can be challenged and overturned. But the judgment in this case was never overturned. If plaintiff had had the decree set aside, there is no question she would be a "widow" entitled to benefits, all things being the same. The decree was not set aside, however, and therefore must still be recognized by this court as valid.

It should be emphasized that there are several more modern Indiana cases than those cited herein which also support the Secretary's position. *See, e.g., Carman v. State of Indiana,* 473 N.E.2d 618, 623 (Ind. 1985) (unless the lack of jurisdiction appears affirmatively on the face of the record, the judgment may not be collaterally attacked); *Bailey v. Beekman,* 173 Ind. App. 154, 362 N.E.2d 1171, 1174 (1977) (a voidable judgment is binding on the parties

until it is set aside in some proper proceeding instituted for that purpose); *Brindle v. Anglin,* 156 Ind.App. 219, 295 N.E.2d 860, 863–864 (1973).

## CONCLUSION

This court finds, as the Appeals Council found, that the judgment was and is voidable rather than void. Because the divorce decree is voidable, plaintiff cannot attack it collaterally, but must do so directly. Judge Kanne encouraged such action on remand but for whatever reason, such action was not taken. The divorce decree still stands, plaintiff is not entitled to widow's benefits under the Social Security Act, and plaintiff's Motion for Summary Judgment is DENIED. Defendant's Cross–Motion for Summary Judgment is GRANTED. The decision of the Appeals Council on remand is AFFIRMED. IT IS SO ORDERED.

---

**2.** This unpublished opinion from the Northern District of Alabama was submitted by plaintiff in support of her most recent summary judgment motion. Not only is the opinion not determinative of the issue before this court, but even

if it clearly supported plaintiff's position, this court would not, indeed could not, rely on it as precedent over Indiana cases on the same subject.